Per Curiam.
{¶ 1} This is an appeal from the dismissal of a complaint for a writ of mandamus to compel appellee, Cincinnati Public Schools Superintendent Mary Ronan, to provide copies of all documents submitted by superintendent candidates pursuant to R.C. 149.43, the Public Records Act. We affirm the judgment of the court of appeals dismissing the mandamus claim based on mootness. Nevertheless, because the court of appeals erred in dismissing the request for attorney fees on the same basis of mootness, we reverse that portion of the judgment of the court of appeals and remand the cause for further proceedings on the request.
Records Request and Refusal
{¶ 2} On February 5, 2009, a reporter for relator, the Cincinnati Enquirer, a division of Gannett Satellite Information Network, Inc., hand-delivered to the Cincinnati Public Schools a written request for documents submitted by candidates for the school district’s superintendent position. The school district refused *18 the Enquirer’s request because it had not yet checked the post office box to which the documents were directed and it would not do so until March 16. The district promised to make all public records in the post office box available for inspection after that date.
Mandamus Claim: Dismissal Based on Mootness
{¶ 3} The court of appeals dismissed the Enquirer’s mandamus complaint based on the pleadings. “Sua sponte dismissal without notice is warranted when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.” State ex rel. Scott v. Cleveland, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14; State ex rel. Duran v. Kelsey, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7.
{¶ 4} The court of appeals properly held that the Enquirer’s mandamus complaint was moot because the school district had produced the requested records after the Enquirer had commenced the underlying suit. See State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs., 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 43, in which we held that the newspaper’s claim for records was rendered moot once the board of county commissioners had produced the document.
{¶ 5} Nor is the Enquirer’s public-records mandamus claim excepted from being moot on the ground that it is “capable of repetition, yet evading review.” State ex rel. Dispatch Printing Co. v. Geer, 114 Ohio St.3d 511, 2007-Ohio-4643, 873 N.E.2d 314, ¶ 10. “This exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.” (Emphasis added.) State ex rel. Calvary v. Upper Arlington (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182.
{¶ 6} The Enquirer did not sufficiently allege any reasonable expectation that it would again be subjected to the same action. In fact, in its appellate argument, the Enquirer appears to acknowledge that it has no current information of prior instances in which the Cincinnati Public Schools had engaged in a continuing pattern and practice to delay production of public records and that it had merely sought to conduct discovery on its general allegations.
{¶ 7} We are cognizant that “Ohio generally follows notice, rather than fact, pleading” except in certain special circumstances in which we have modified the standard by requiring the pleading of specific facts. See State ex rel. Williams Ford Sales, Inc. v. Connor (1995), 72 Ohio St.3d 111, 113, 647 N.E.2d 804; cf. S.Ct.Prac.R. X(4)(B) (requiring complaints for most original actions filed in this court to contain a “specific statement of facts upon which the claim for relief is *19 based”)- We are also aware that, in general, a plaintiff “is not required to prove his or her case at the pleading stage” because many plaintiffs lack access to relevant evidence, which can be obtained only through discovery from materials in the defendant’s possession. See York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063; State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 549, 605 N.E.2d 378.
{¶ 8} These eases are inapposite here, however, because the Enquirer would have had access to relevant evidence showing whether the Cincinnati Public Schools had refused to provide the newspaper with requested records so as to establish a reasonable expectation that “the same complaining party,” i.e., the Enquirer, would be subject to the same action again.
{¶ 9} Therefore, the court of appeals properly dismissed the Enquirer’s mandamus claim based on mootness.
Attorney Fees
{¶ 10} Nevertheless, as we recently held in a different public-records mandamus case instituted by relator, “even if the Enquirer’s mandamus claim were properly dismissed as moot, a claim for attorney fees in a public-records mandamus action is not rendered moot by the provision of the requested records after the case has been filed.” State ex rel. Cincinnati Enquirer v. Heath, 121 Ohio St.3d 165, 2009-Ohio-590, 902 N.E.2d 976, ¶ 18. Therefore, although the court of appeals correctly dismissed the Enquirer’s mandamus claim as moot, it erred in dismissing the Enquirer’s request for attorney fees on the basis of mootness.
Conclusion
{¶ 11} We affirm the judgment of the court of appeals dismissing the Enquirer’s mandamus claim based on mootness. However, because the court of appeals erred in dismissing the Enquirer’s request for attorney fees based on mootness, we reverse that portion of the judgment of the court of appeals and remand the cause for further proceedings solely on that request.
Judgment accordingly.
Moyer, C.J., and O’Connor, Lanzinger, and Cupp, JJ., concur.
Pfeifer, Lundberg Stratton, and O’Donnell, JJ., concur in part and dissent in part.