[Cite as *Melesky v. SummaCare, Inc.*, 2012-Ohio-1336.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| CHRISTA M. MELESKY, ET AL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiffs-Appellants | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00206 |
| SUMMACARE, INC., ET AL | : |  |
|  | : |  |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Case No. 2011CV01048

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      March 27, 2012

APPEARANCES:

For Plaintiff-Appellant             For Defendant-Appellee

                                    PAUL L. JACKSON
JON A. TROYER                       ROETZEL & ANDRESS, LPA
1953 Gulf St. N.W.                  222 South Main Street
Uniontown, OH  44685                Akron, OH 44308

                                    For Appellees
                                    MICHAEL V. DEMCZYK
                                    McNamara, Demczyk & DeHaven Co.,
                                    L.P.A.
                                    12370 Cleveland Avenue N.W.
                                    P.O. Box 867
                                    Uniontown, OH  44685-0867

*Gwin, P.J.*

{1} Plaintiffs-appellants Christa M. and Michael J. Melesky appeal a judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant-appellee SummaCare, Inc. which sustained SummaCare's motion to dismiss made pursuant to Civ. R. 12 (B)(6). Appellants assign three errors to the trial court:

{2} "I. THE TRIAL COURT ERRED IN HOLDING THAT SUMMACARE, INC. IS ENTITLED TO RELY ON ERISA AS GROUNDS FOR DISMISSAL OF ALL CLAIMS AGAINST IT.

{3} "II. THE TRIAL COURT ERRED IN HOLDING THAT NONE OF APPELLANTS' CLAIMS WERE EXEMPT FROM ERISA PREEMPTION.

{4} "III. IF ERISA APPLIES TO APPELLANTS' CLAIMS, THE TRIAL COURT ERRED BY NOT ASSERTING CONCURRENT JURISDICTION OVER CLAIMS THAT CHALLENGED THE DENIAL OF BENEFITS DUE UNDER A GROUP HEALTH INSURANCE POLICY."

{5} In considering a motion to dismiss under Civ. R. 12(B)(6), a court must consider only the facts alleged in the complaint and any material incorporated into it. *State ex rel. Crabtree v. Franklin County Bd. of Health,* 77 Ohio St.3d 247, 249, 673 N.E.2d 1281 (1997). For purposes of the Rule, the trial court must presume all facts alleged in the complaint are true and it must draw all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). A court may not dismiss a complaint for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts warranting a recovery." *Id.* If there is a set of facts, consistent with the plaintiff's complaint, which would allow the

plaintiff to recover, the court may not grant the motion to dismiss. *York v. Ohio State Highway Patrol,* 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991). Dismissal is proper if the complaint fails to sufficiently allege an essential element of the cause of action. *State ex rel. Cincinnati Enquirer v. Ronan,* 124 Ohio St.3d 17, 2009–Ohio–5947, 918 N.E.2d 515, at ¶ 7–8. However, because of the notice pleading requirements of the Ohio Rules of Civil Procedure, "a plaintiff is not required to prove his or her case at the pleading stage. Very often, the evidence necessary for a plaintiff to prevail is not obtained until [he] is able to discover materials in the defendant's possession." *Id.*

{6} This Court reviews an order granting a Civil Rule 12(B)(6) motion to dismiss *de novo. Perrysburg Twp. v. City of Rossford,* 103 Ohio St.3d 79, 2004–Ohio–4362, 814 N.E.2d 44, at ¶ 5.

{7} Appellee suggests we may consider its answer and cross-claim in reviewing the matter, but we find the Rule directs that the trial court, and this court in our *de novo* review, may look only to the four corners of the complaint and any attachments to the complaint. "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers–Klarich v. Middletown Mgt.,* 125 Ohio St.3d 494, 2010–Ohio–2057, 929 N.E.2d 434, ¶ 11. The movant may not rely on allegations or evidence outside the complaint. *Id.*

{8} Appellants originally brought suit against several other defendants associated with appellant Michael Melesky's employer. The complaint named Air Solutions Heating & Cooling, LLC, E-Zee Heating & Cooling, LLC, MAP Heating & Cooling, LLC, Michael D. Pitzo, Mary A. Pitzo, Matthew A. Pitzo, Michael A. Pitzo and David P. Pitzo. These defendants are not parties to this appeal.

**{9}** Appellants' complaint alleges appellant Michael Melesky was covered by a group health insurance plan offered by his then employer MAP Heating & Cooling, and subsequently E-Zee Heating & Cooling and/or Air Solutions Heating & Cooling, and issued by SummaCare. Appellant Michael Melesky's wife Christa Melesky was covered under her husband's group health insurance plan. The coverage began on December 1, 2008. Beginning December 29, 2008, and continuing through at least May 29, 2009, appellant Christa Melesky was treated for kidney stones, and incurred over $25,000 in medical expenses, including treatment at Summa Health Systems-owned facilities as well as two hospitalizations for surgical procedures at a Summa Health System-owned facility.

**{10}** The complaint alleges prior to undergoing treatments in April and May 2009, appellant Christa Melesky and her health care providers received a pre-certification authorization of coverage from SummaCare. The complaint does not state what date SummaCare certified coverage.

**{11}** Despite issuing the pre-certification authorization of coverage for services in May 2009, in June, 2009 SummaCare denied benefit payments for services appellant Christa Melesky received in May, 2009. Subsequently, appellants received a "model COBRA continuation coverage election notice", dated June 12, 2009, which advised them that if they elected to participate in COBRA continuation coverage, it would begin on June 7, 2009, and could last until December 10, 2010.

**{12}** On September 2009, SummaCare rescinded payments initially made for services appellant Christa Melesky received in April 2009. On October 27, 2009, SummaCare sent appellants a letter stating the group health insurance plan was

terminated for non-payment of premiums retroactively to March 31, 2009, not June 7, as the COBRA notification implied. SummaCare notified appellants' claims submitted for services received in April and May of 2009 would not be covered.

{13} Appellants' complaint asserts at no time in April or May of 2009 did they receive a notice of cancellation of the group health insurance, and did not receive an option for conversion into an individual health policy during those months. At no time in April through May of 2009, did appellants receive notice of any failure to make a required premium payment or contribution.

{14} The complaint alleged various claims against SummaCare, including breach of contract for failing to provide appellants with timely and accurate information of the status of their coverage, of the fact the coverage had been terminated, and of their option to convert to an individual health insurance policy. Appellants assert SummaCare provided inaccurate information upon which they relied to their detriment and damage. The breach of contract claim alleges SummaCare should be estopped from denying coverage for the pre-certified authorized health care services in April and May 2009.

{15} Appellants' complaint also alleged a claim for lack of good faith against SummaCare, alleging in their complaint SummaCare had a duty to act in good faith in handling and paying their claims. Because of the misleading information SummaCare gave, and its failure to notify appellants of termination and the option to convert to the individual health policy, appellant suffered damages. Appellants' claim for promissory estoppel and negligent misrepresentation alleges the same acts and omissions. There is also a claim for punitive damages.

**{16}** The trial court found appellants' claims against SummaCare are pre-empted by the Employee Retirement Income Security Act, rejecting appellants' argument that either their claims against SummaCare are exempt because they are based upon the state law or, if ERISA applies, the state court has concurrent jurisdiction over it.

**{17}** The trial court found all the allegations contained in the complaint were based upon the health insurance plan issued by SummaCare, and found there was no concurrent jurisdiction because none of the claims involve state law.

**{18}** For the reasons that follow, we find the court erred in dismissing the complaint for failure to state a claim.

I., II., & III.

**{19}** Appellants' assignments of error are interrelated and we analyze them together.

**{20}** In the case of *Cunningham v. Aultcare Corporation,* 5th Dist. No. 2002-CA-00375, 2003-Ohio-3085, this court discussed the preemption of Ohio law by federal law. We said:

> At issue in this case is whether, in the case sub judice, Ohio law is preempted by federal law with respect to the enforceability of the reimbursement clause in the insurance contract between appellant and appellees. In order to address such issue, we must first distinguish between complete preemption and ordinary preemption. * * * [A] plaintiff may generally avoid federal jurisdiction entirely by pleading solely state law claims. *Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust for S.Cal.* (1983), 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420. However,

there is an exception to this general rule. If federal law *completely* preempts a plaintiff's state law claim, regardless of the artfulness of the pleading, a plaintiff cannot escape federal jurisdiction. *Botsford v. Blue Cross and Blue Shield of Montana, Inc.* (2002), 314 F.3d 390. "To preempt state-law causes of action completely, federal law must both: (1) conflict with state law (conflict preemption) and (2) provide remedies that displace state law remedies (displacement)." Id. at 393 While *ordinary* preemption is a defense to the application of state law and may be invoked in either federal or state court, in contrast, *complete* preemption provides a basis for federal jurisdiction as opposed to simply a defense. See *Caterpiller, Inc. v. Williams* (1987), 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318. In the case of complete preemption, removal to federal court is proper. See *Bastien v. AT & T Wireless Services, Inc.*, (2000) 205 F.3d 983.

*Cunningham*, ¶ 15, emphasis *sic.*

{21} In *Richland Hospital, Inc. v. Ralyon,* 33 Ohio St. 3d 87, 516 N.E. 2d 1236 (1987), the Ohio Supreme Court found state and federal courts have concurrent jurisdiction to determine benefits and award attorney fees in an appropriate case, but state courts have no jurisdiction to determine what the court termed "extracontractual benefits", in this case, punitive damages. The court also found federal courts have exclusive jurisdiction over claims for breach of fiduciary duty.

{22} Appellants' cause of action for breach of fiduciary duty names only the employers' representatives. Appellants did not bring a breach of fiduciary duty claim against SummaCare.

**{23}** In *Raylon*, the Ohio Supreme Court reviewed a case similar to the one at bar. Plaintiffs received verification of medical benefits coverage from a plan trustee, and one of the plaintiffs then received treatment requiring a forty-day stay in a hospital. Subsequently, the insurance provider denied the plaintiffs' claim for benefits, determining that, because the hospital lacked on-site surgical facilities, it was not a "hospital" within the plan's definition of a covered hospital. The patient and her husband brought suit against the insurance company for expressly, intentionally and maliciously misrepresenting the plan coverage and asked for indemnification of the hospital and doctor bills they had incurred, as well as punitive damages and attorney fees. The Ohio Supreme Court cited Section 1132(e)(1), Title 29, U.S. Code distinguishing between exclusive jurisdiction of federal courts and concurrent jurisdiction between state and federal courts. It provides:

> (e)(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

**{24}** Subsection (a)(1)(B) provides a participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

{25} The Supreme Court interpreted the above language to mean the common pleas court had concurrent jurisdiction over the claims for denial of benefits and for attorney fees, but ERISA vested exclusive jurisdiction to federal courts for punitive damages. The court vacated the award of punitive damages and remanded the remainder of the case to the trial court because it had applied Ohio state law instead of ERISA. It did not order the trial court to dismiss the action for lack of jurisdiction even though it appears there were no state-law claims in the case.

{26} In *Halley v. Ohio Company*, 107 Ohio App. 3d 518, 669 N.E. 2d 70 (8th Dist. 1995), the Court of Appeals for Cuyahoga County explained there is no simple test to determine whether a state law relates to an insurance plan, but it found at least four situations in which ERISA generally preempts state law. First, if the laws are specifically designed to affect employee benefits. Second, if the state law and common law claims are for the recovery of an ERISA plan benefit. Third, if ERISA provides a specific remedy. Fourth, if state and common law claims provide remedies for misconduct in administering the plan. By contrast, Ohio law may apply if the law involves an area of traditional state regulation, does not affect relations among the ERISA entities, or the effect on the plan is incidental in nature. *Id.* at p. 552, citations deleted.

{27} The court here found all the claims against SummaCare were covered by ERISA. We find, however, the issue set out in count six for promissory estoppel may state a claim under state law. Section 11, 1132(e)(1), Title 29, U.S. Code provides a participant may bring a civil action based upon the plan, which is a contract between the parties. Appellants' complaint alleging promissory estoppel does not claim past or future benefits based upon the plan. *Raylon, supra,* is distinguishable because in *Raylon* the

insurance company did not cancel the insurance contract, but only asserted the services the plaintiff received were not covered under the plan. Here, SummaCare cancelled the plan retroactively and does not argue the treatments Appellant Christa Melesky received in April and May would not have been covered even if the policy had remained in effect.

{28} Appellants argue SummaCare cannot have it both ways: ERISA applies because the claim arises out of the contract, but also the contract between the parties ended on March 31, 2009. Appellants argue if SummaCare acted properly in cancelling the plan effective on March 31, then the portion of their complaint alleging actions SummaCare took after March 31 cannot be based on the plan, but on promissory estoppel alone. *Raylon, supra,* is distinguishable because the insurance company there was not denying the existence of a contract but only what services the contract would cover.

{29} Applying the tests outlined in ¶ 25, we find Ohio law has traditionally allowed claims of promissory estoppel outside the context of a contractual relationship and the doctrine is not specifically designed to enforce employee benefits. One of the counts of the complaint may state a claim for SummaCare's actions after the contract terminated, not to recover benefits because of the contract. Ohio law cannot affect the relations among the ERISA entities, if there is no relationship. Whether appellants prevail on this claim will not affect the plan itself.

{30} We have reviewed the complaint and find it does not appear beyond doubt that appellants can prove no set of facts warranting a recovery under both state law and federal law. We further find the trial court has concurrent jurisdiction with the federal

courts and can apply federal law to the ERISA claims. For this reason we find the court erred in dismissing the matter pursuant to Civ. R. 12(B)(6) for lack of jurisdiction.

{31} Each of the assignments of error is sustained.

{32} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Hoffman, J., and

Edwards, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JULIE A. EDWARDS

WSG:clw 0214

[Cite as *Melesky v. SummaCare, Inc.*, 2012-Ohio-1336.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTA M. MELESKY, ET AL | : | |
| | : | |
| Plaintiffs-Appellants | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SUMMACARE, INC., ET AL | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2011-CA-00206 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.  Costs to appellees.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS