[Cite as *Miranda v. Saratoga Diagnostics*, 2012-Ohio-2633.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   97591

---

## DELMACIO MIRANDA, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## SARATOGA DIAGNOSTICS

DEFENDANT-APPELLEE

---

**JUDGMENT:**
**AFFIRMED IN PART,**
**REVERSED IN PART, AND REMANDED**

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CV-585894

**BEFORE:**   Keough, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   June 14, 2012

**ATTORNEYS FOR APPELLANTS**

Joseph R. Compoli
James R. Goodluck
612 East 185th Street
Cleveland, OH 44119


**FOR APPELLEE**

Saratoga Diagnostics
12619 Pasco Olivos
Saratoga, CA 95070

KATHLEEN ANN KEOUGH, J.:

{¶1}  Plaintiffs-appellants, Delmacio Miranda, Noberto Juan, and Sonia Tanio (collectively "appellants"), appeal various rulings from the trial court, including denial of class certification.  For the reasons that follow, we affirm in part, reverse in part, and remand.

## I.   Procedural History and Facts

{¶2} On March 6, 2006, Delmacio Miranda filed a complaint for money damages and injunctive relief, with class action status, against defendant-appellee, Saratoga Diagnostics ("Saratoga"), a California company, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 46 U.S.C. 227.   The complaint alleged that Miranda received two unsolicited facsimile advertisements from Saratoga and that Saratoga acted willfully and knowingly in sending the facsimile advertisements.   The complaint requested both the mandatory minimum damages of $500 per violation and treble damages.   The summons and complaint were sent by certified mail to Saratoga at its California address.   Service was obtained on Saratoga on March 13, 2006.

{¶3}  Thereafter, on March 30, 2006, a first amended complaint for money damages and injunctive relief, with class action status, was filed against Saratoga.   The first amended complaint maintained the same allegations but added new-party plaintiffs, Norberto Juan and Sonia Tanio.   The first amended complaint alleged that Norberto Juan received two and Sonia Tanio received five unsolicited facsimile advertisements from

Saratoga. The first amended complaint was not sent to Saratoga until November 30, 2006, with service perfected by certified mail on December 11, 2006.

{¶4} Despite having been served by certified mail of the complaint and first amended complaint, Saratoga failed to file an answer. Moreover, Saratoga did not enter an appearance in this lawsuit at any time.

{¶5} In June 2006, although Saratoga had not filed an answer to the original complaint and had yet to be served with the first amended complaint, appellants moved the trial court for an order compelling Saratoga to comply with discovery, which included interrogatories, requests for admissions and production of documents. The trial court denied appellants' motion.

{¶6} In July 2006, appellants moved the trial court for class certification. On January 22, 2007, the trial court issued an order scheduling a hearing on appellants' motion for class certification. In its order, despite the fact that Saratoga had not filed an answer to either the original complaint or amended complaint, the trial court stated that Saratoga failed to appear at a pretrial held on January 2, 2007, and also noted that "failure to appear at future dates may result in rendering a default judgment."

{¶7} On February 1, 2007, the trial court held an oral hearing on appellants' motion for class certification. On the same date, the trial court issued a journal entry noting that the oral hearing was held and that Saratoga failed to appear. The journal entry did not indicate that any other matters were considered at the hearing and no transcript of the hearing was provided to this court.

{¶8} On October 28, 2011, well over four years after the hearing on appellants' motion for class certification, the trial court rendered an opinion denying class certification, but entering default judgment against Saratoga for failing to appear at the class certification hearing. The individual appellants were granted a default judgment in the amount of $500 per facsimile transmission, but were denied treble damages.

{¶9} Appellants appeal, raising three assignments of error.

## II. Class Certification

{¶10} In their first assignment of error, appellants contend that the trial court abused its discretion in denying class certification.

{¶11} In *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 69, 694 N.E.2d 442 (1998), the Ohio Supreme Court set forth the standard of review for decisions to certify a class action as follows:

> A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion. * * * However, the trial court's discretion in deciding whether to certify a class action is not unlimited, and indeed is bound by and must be exercised within the framework of Civ.R. 23. The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied.

{¶12} Civ.R. 23 sets forth seven requirements that must be satisfied before a case may be maintained as a class action. Those requirements are that (1) an identifiable class must exist and the definition of the class must be unambiguous, (2) the named representatives must be members of the class, (3) the class must be so numerous that joinder of all members is impracticable, (4) there must be questions of law or fact common to the class, (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class, (6) the representative parties must fairly and adequately protect the interests of the class, and (7) one of the three of Civ.R. 23(B) requirements must be satisfied. *Id*.

{¶13} In an action for damages, the trial court must specifically find, pursuant to Civ.R. 23(B), that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Id.* Failure to satisfy any one of these requirements will defeat class certification. *Warner v. Waste Mgt.*, 36 Ohio St.3d 91, 94, 521 N.E.2d 1091 (1988).

{¶14} The party seeking to maintain a class action has the burden of demonstrating that all factual and legal prerequisites to class certification have been met. *Gannon v. Cleveland*, 13 Ohio App.3d 334, 335, 469 N.E.2d 1045 (8th Dist.1984). A class action may be certified only if the court finds after a rigorous analysis that the moving party has satisfied its burden and all the requirements of Civ.R. 23. *Hamilton* at 70.

{¶15} In this case, the appellants sought to certify the following class:

All persons and entities in the 216 and 440 telephone area codes to whom were transmitted one or more "Saratoga Diagnostics" advertisements via fax, anytime during the years 2000 through 2005, and for whom Defendant Saratoga Diagnostics possesses no record of obtaining prior express invitation or permission to send fax advertisements to that person or entity.

{¶16} The trial court found that the appellants did not withstand their burden of satisfying all the requirements for class certification because (1) the proposed class is not readily identifiable, (2) questions of law or fact common to the members of the class do not predominate over any questions affecting only individual members, and (3) the numerosity requirement is not satisfied.

{¶17} We agree with the trial court that numerosity has not been satisfied. For the numerosity requirement to be met, the class must be so numerous that joinder of all members is impracticable. Civ.R. 23; *Miller v. Painters Supply & Equip.*, 8th Dist. No. 95614, 2011-Ohio-3976, ¶ 32 , citing *Warne*r at 97. The numerosity requirement must be determined on a case-by-case basis. *Id.*

> In construing Civ.R. 23(A)(1), known as the numerosity requirement, courts have not specified numerical limits for the size of a class action. This determination must be made on a case-by-case basis. Professor Miller, however, has indicated: "[i]f the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule * * *."

*Warner* at *id*., quoting, Miller, *An Overview of Federal Class Actions: Past, Present, and Future*, at 22 (2d. Ed.1977).

> Indeed, "[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Northwest, Inc., v. EEOC*, 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). Nevertheless, while "the exact number of class members need not be pleaded or proved, impracticability of joinder must be positively shown, and cannot be speculative." *McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 389 (S.D.Ohio 2001); *see also* 7A Charles Alan Wright & Arthur R. Miller, Mary Kay Kane, Federal Practice And Procedure Section 1762 (3d Ed.2001) (observing that the party seeking class certification "bear[s] the burden of showing impracticability and mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)").

*Golden v. Columbus*, 404 F.3d 950, 965-966 (6th Cir.2005).

{¶18} On appeal, appellants contend that the trial court erred in finding that "plaintiffs[ sic] only support for their [numerosity] position is the allegation in their complaint that faxes were sent to 'forty-one or more recipients within the 216 and 440 area codes.'" Appellants contend that the numerosity requirement has been satisfied because (1) the amended complaint substantively alleges that Saratoga sent fax advertisements to "forty-one or more" recipients within the 216 or 440 telephone area codes, which must be taken as true, (2) Saratoga failed to deny the "forty-one or more" allegation by filing an answer; thus, the allegation is deemed admitted, and (3) their expert's affidavit clearly establishes that the number of class member is far in excess of the minimum number of class members under *Warner*. However, our review of the

complaint, motion for class certification, and expert affidavit proves differently and is consistent with the trial court's review and decision.

{¶19} Examining the facts in the record, we find that the three individual appellants received a combined total of nine unsolicited facsimiles advertisements over the course of four years. Attached to appellants' motion for class certification is the affidavit of purported expert George Melnyk. A review of the affidavit is somewhat confusing because the affidavit discusses fax broadcasting companies who were hired by Prime TV, LLC to transmit faxes containing advertisements of DirecTV services. The affiant's statements and these advertisements have no bearing on the case against Saratoga. Moreover, the affidavit also discusses Flagstaff Industries Corporation, which again has no relevance to the case against Saratoga. Nothing within this affidavit mentions or even hints at any facts or relevant information pertaining to the case against Saratoga.

{¶20} Another affidavit from George Melnyk was filed by appellants in preparation for the class certification hearing. In this affidavit, Melnyk states that in January 2005, he spoke with the owner of Saratoga Diagnostics and learned that Saratoga is a company that sells medical equipment. The remaining relevant information in the affidavit states:

> 13. I further learned that, between the years 2000 and 2005, Saratoga Diagnostics had sent faxes advertising its [sic] to many licensed family medical physicians in Ohio.

> 14. According to the records of the Ohio State Medical Board, there are over 33,000 licensed medical physicians in Ohio, including approximately

400 family Physicians [sic] located within the 216 and 440 telephone area codes.

15. These Family Physicians are made easily identifiable by common commercial data bases, including Info USA, and its derivatives as well as data bases made available by the Ohio Academy of Physicians.

**{¶21}** We find that these statements do not establish any facts that would support or withstand appellants' burden of proving the numerosity requirement — that joinder of all class members is impracticable.

**{¶22}** Appellants direct this court to consider the holding and analysis in *Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, N.D.Ohio No. CV-1074, 2012 WL 262556 (Jan. 30, 2012). In *Beachwood Hair*, the plaintiffs alleged that Beachwood Hair hired a fax broadcaster to send the advertisements, and according to the plaintiffs' expert, the specific fax at issue was successfully transmitted 37,219 times to 16,847 recipients. *Id*. at *1. Additionally it was alleged that the fax broadcasting company sent the faxes to numbers from a purchased database, InfoUSA. *Id*. The court found that these alleged facts satisfied the numerosity requirement — that joinder would be impracticable. *Id*. at *2.

**{¶23}** However, and unlike the facts in *Beachwood Hair*, the appellants in this case have failed to identify how the potential class size of "forty-one or more" was computed. In their motion for class certification, they do not point to any facts substantiating this number. Despite the fact that their expert makes the blanket statement that Saratoga sent advertising faxes to many family physicians in Ohio and that there are approximately 400 family physicians in the 216 and 440 area codes, this information does

not support class identification or numerosity. Although appellants need not identify or even prove the exact number of class members to satisfy the numerosity requirement, some facts must be pled or averred to make the class number beyond mere speculation.

**{¶24}** Accordingly, we find that the allegation that the class consists of "forty-one or more" is merely speculative and that the appellants have failed to withstand their burden to positively show the impracticability of joinder to satisfy the numerosity requirement.

**{¶25}** Appellants also contend that the allegations in the complaint must be accepted as true because Saratoga failed to file an answer. Therefore, according to appellants, Saratoga has admitted all the allegations in the complaint, including that the class consists of "forty-one or more," and no additional numerosity evidence needs to be provided to satisfy this requirement of Civ.R. 23. We disagree.

**{¶26}** Appellants failed to file a transcript of the class certification hearing held on February 7, 2011; therefore, we presume regularity of the proceedings. *Bohrer v. Bakers Square Restaurant*, 8th Dist. No. 88143, 2007-Ohio-2223, ¶ 5, citing *Corsaro, Giganti & Assoc. v. Stanley*, 8th Dist. No. 77201, 2000 WL 1369900 (Sept. 21, 2000). We presume that the trial court considered all the evidence and arguments raised. The standard the trial court must conduct is a rigorous analysis. Merely because a party is in default or fails to defend a lawsuit does not alleviate a plaintiff's burden to satisfy the class certification factors or the trial court's duty to strictly construe those factors to determine if class certification is proper. The record before us demonstrates that the trial court

considered all the factors, analyzed each rigorously, and found certification improper. We find nothing arbitrary, unreasonable, or unconscionable in the trial court's decision. Therefore, the trial court did not abuse its discretion in denying appellants' motion for class certification. Appellants' first assignment of error is overruled.

### III. Default Judgment

{¶27} Appellants raise as their second assignment of error that the trial court abused its discretion in granting default judgment without conducting a hearing or granting treble damages. Appellants do not appear to challenge the granting of default judgment, per se; rather, the award of damages.

{¶28} A trial court's decision to grant a party default judgment is reviewed under an abuse of discretion standard. *Huffer v. Cicero*, 107 Ohio App.3d 65, 74, 667 N.E.2d 1031 (4th Dist.1995). Under Civ.R. 55(A), a default judgment is only proper when a party has "failed to plead or otherwise defend." *Chase Manhattan Automotive Fin. Corp. v. Glass*, 11th Dist. No. 2000-T-0090, 2001 WL 799875, *1 (July 13, 2001).

{¶29} Civ.R. 55(A) provides in pertinent part as follows:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court * * *. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

**{¶30}** In this case, appellants did not apply in writing for default pursuant to Civ.R. 55 and the record before this court does not indicate that appellants orally moved for default. The trial court entered default against Saratoga essentially as a sanction for failing to appear at the class certification hearing. Even as a sanction, the trial court could only have granted judgment after hearing evidence sufficient to establish the essential elements of the claim. *Chase Manhatttan* at *2.

**{¶31}** When a trial court decides to grant judgment as a sanction, it must first provide the parties with adequate notice of its intent. *Chase Manhattan*. The trial court issued an order on January 22, 2007 stating: "Pre-trial held on 01/02/2007. Counsel for plaintiff's [sic] present, defendant failed to appear. Failure to appear at future dates may result in a rendering of default judgment. Hearing on plaintiff's [sic] motion for class certification scheduled for 02/01/2007 at 4:00 p.m."

**{¶32}** At the hearing on the motion for class certification, Saratoga failed to appear. In its judgment entry denying appellants' motion for class certification, the trial court held:

> The court having denied plaintiff's [sic] motion for class certification, hereby proceeds with granting default judgment for plaintiffs on their individual claims. Pursuant to the court's prior order, defendant was warned that failure to appear at any future dates would result in a rendering of default judgment. Defendant failed to appear for the class certification hearing. Thus the court grants default judgment against defendant * * *.

**{¶33}** In this case, no transcript of the class certification hearing was filed with his court; thus, we are unable to determine from this record whether the trial court accepted any evidence or considered any arguments made by appellants before entering a default

judgment against Saratoga. Typically we presume regularity of the trial court proceedings below. However, because appellants did not file for default and the trial court only granted default judgment as a sanction, we presume that no hearing or evidence was considered by the trial court. Moreover, appellants' assignment of error is premised on the fact that no hearing was held.

{¶34} The trial court's judgment entry provides no indication that it considered anything other than the complaint and subsequent filings in preparation for the class certification hearing in rendering judgment. Therefore, a reasonable inference from the trial court's judgment entry would be that the trial court granted default judgment solely based upon Saratoga's failure to appear at the class certification hearing.

{¶35} Appellants' cause of action was based on a violation of the TCPA, and if the violation was done willfully and knowingly, appellants are entitled to treble damages. 47 U.S.C. 227 (b)(3)(C). Although awarding treble damages is discretionary by the trial court, because appellants alleged in their complaint that Saratoga acted willfully and knowingly in sending the facsimile advertisements, and Saratoga has not filed an answer disputing this allegation, the trial court should have conducted a hearing to determine whether there was any evidence to substantiate appellants' assertion. To hold otherwise would require that a plaintiff prove its case in its complaint when seeking treble damages under the TCPA, which is clearly in contravention of Ohio's notice pleading requirement under Civ.R. 8. *See State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17,

2009-Ohio-5947, 918 N.E.2d 515, at ¶ 7-8 (because of the notice pleading requirements, "a plaintiff is not required to prove his or her case at the pleading stage.")

**{¶36}** Accordingly, we find that due to the facts, circumstances, and procedural nature of this case, the trial court abused its discretion in granting default judgment against Saratoga without holding a hearing to consider whether appellants were entitled to treble damages pursuant to 47 U.S.C. 227(b)(3)(C). Appellants' assignment of error is sustained.

## IV. Motion to Compel

**{¶37}** In their final assignment of error, appellants contend that the trial court abused its discretion in denying their motion to compel.

**{¶38}** It is not unusual for a trial court to limit discovery with respect to class certification issues. However, it is uncertain how a motion to compel could have been granted because Saratoga did not file an answer to the complaint; thus, it never submitted to the trial court's jurisdiction. It is a fundamental principle of law that a court has no jurisdiction to issue an order compelling an action by a non-answering defendant. Therefore, the trial court did not abuse its discretion in denying appellants' motion to compel.

**{¶39}** Judgment affirmed in part; reversed in part and remanded to the trial court to hold a default judgment hearing and consider whether treble damages pursuant to 47 U.S.C. 227(b)(3)(C) should be awarded.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, J., CONCURS;
MARY J. BOYLE, P.J., DISSENTS WITH SEPARATE OPINION.

MARY J. BOYLE, P.J., DISSENTING:

**{¶40}** I respectfully dissent. It is my view that the trial court abused its discretion when it denied appellants' motion to compel discovery. Thus, I would sustain appellants' third assignment of error.

**{¶41}** Appellants served interrogatories, requests for admissions, and requests for production of documents upon Saratoga. Saratoga failed to respond. Appellants assert that discovery would have revealed the identity of the members of the proposed class, as well as its size. I agree.

**{¶42}** Sustaining appellants' third assignment of error would render their first and second assignments of error moot. Upon remand, and upon obtaining discovery, appellants may be able to establish what is necessary to obtain class certification.

**{¶43}** The class action is an invention of equity. *Ritt v. Billy Blanks Ents.*, 171 Ohio App.3d 204, 2007-Ohio-1695, 870 N.E.2d 212, ¶ 32. Indeed, the purpose of

allowing class actions is "to enable numerous persons who have small claims that might not be worth litigating in individual actions to combine their resources and bring an action to vindicate their collective rights." *Id.* at ¶ 56.

**{¶44}** This case concerns consumer protections. Class actions are particularly appropriate to punish and deter companies from violating consumer protections. Sometimes it is the only way. If trial courts do not enforce plaintiff's rights to obtain discovery in class actions, consumers will suffer the consequences.

**{¶45}** Accordingly, I respectfully dissent.