[Cite as *In re 1 Chevy Avalanche v. Conway*, 2016-Ohio-1025.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

In re: 1 Chevy Avalanche, Party In Interest, Douglas Leavell

       Relator

v.

Visiting Judge James Conway

       Respondent

Court of Appeals No. E-15-070

**DECISION AND JUDGMENT**

Decided: March 14, 2016

* * * * *

Douglas Leavell, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This matter is before the court, sua sponte, on relator's, Douglas Leavell, petition for a writ of mandamus against respondent, Visiting Judge James Conway. For the reasons that follow, we dismiss the petition.

{¶ 2} On November 2, 2015, relator filed his petition for a writ of mandamus, seeking to compel respondent to either return the Chevy Avalanche that is the subject of

civil forfeiture proceedings, or to hold an immediate forfeiture hearing so that relator can take the proper steps to seek return of his vehicle.

{¶ 3} On November 19, 2015, we issued an alternative writ, ordering respondent within 14 days of service to either do the act requested, or show cause why he is not required to do so by filing an answer or a motion to dismiss. We ordered the Erie County Clerk of Court to serve respondent by personal service.

{¶ 4} On November 23, 2015, notice of failure of service upon respondent was sent to relator. Then, on November 24, 2015, an affidavit of personal service was entered in which the Deputy Clerk of Appeals stated that she personally hand delivered the alternative writ upon the Erie County Administrative Judge for 2015, Judge Tygh M. Tone, on behalf of respondent. No further filings have been entered or action taken on this matter.

{¶ 5} We take judicial notice, however, that on January 15, 2016, the trial court held a hearing on the forfeiture action in case No. 2014 CV 0347. Thereafter, on February 1, 2016, the trial court entered its judgment ordering that the Chevy Avalanche is forfeited to the state. On February 25, 2016, relator filed his notice of appeal of the trial court's decision, and that appeal is now pending before us in case No. E-16-017.

{¶ 6} "Sua sponte dismissal without notice is warranted when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 3. Where the requested relief has been obtained, a court properly dismisses

2.

the complaint as moot. *See id.* at ¶ 4 ("The court of appeals properly held that the Enquirer's mandamus complaint was moot because the school district had produced the requested records after the Enquirer had commenced the underlying suit.").

{¶ 7} Here, relator has received the requested relief of a hearing on the civil forfeiture petition, and is now challenging the trial court's decision in that matter on appeal. Therefore, relator's petition for a writ of mandamus to compel the trial court to either return the vehicle or hold a hearing is moot.

{¶ 8} Accordingly, because relator has received the requested relief, we hereby dismiss his petition for a writ of mandamus at relator's costs. The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ denied.

Mark L. Pietrykowski, J.   _____
                  JUDGE
Arlene Singer, J.

James D. Jensen, P.J.    _____
CONCUR.              JUDGE

                  _____
                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.