[Cite as *State ex rel. Conley v. Park*, 2016-Ohio-5199.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE EX REL. CRAIG T. CONLEY | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Relator | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2014CA00169 |
| DIXIE N. PARK, JUDGE AND CLERK | : | |
| STARK COUNTY COURT OF | : | |
| COMMON PLEAS, PROBATE | : | O P I N I O N |
| DIVISION | | |
| | | |
| Respondent | | |

CHARACTER OF PROCEEDING:     Mandamus Public Records

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     August 1, 2016

APPEARANCES:

For Relator

CRAIG T. CONLEY
220 MARKET AVENUE SOUTH
SUITE 604
CANTON, OH 44702

For Respondent

JOHN FERRERO
BY ROSS RHODES
110 CENTRAL PLAZA S., STE. 510
CANTON, OH 44702

*Gwin, P.J.*

## PROCEDURAL HISTORY:

**{¶1}** This cause came before this Court upon a Complaint for Writ of Mandamus based upon Respondent's alleged failure to supply records pursuant to a public records request as required under the Rules of Superintendence. Upon review of the Complaint filed in this case, we issued a peremptory writ ordering Respondent to respond to a public records request.

**{¶2}** Respondent appealed to the Supreme Court. The Supreme Court reversed this Court holding, "The court of appeals acted prematurely by issuing a writ ordering Judge Park to produce the requested documents before she had a chance to explain the reasoning behind her refusal to treat the faxed letter as a public-records request." *State ex rel. Conley v. Park*, 2015-Ohio-5226, ¶ 10 (Ohio).[1]

**{¶3}** Upon remand, Respondent has filed a motion to dismiss for failure to state a claim upon which relief may granted. Both parties have filed motions for summary judgment.

## FACTS:

**September 4, 2014**

**{¶4}** On September 4, 2014, Relator faxed a public records request to Respondent requesting copies of narrative reports from Dr. Robert Devies. According to the court's docket, the narrative reports were listed as attachments to Dr. Devies' Expert Evaluations filed on July 30, 2014 and August 6, 2014. In his public records request,

---

[1] Respondent denies failing to treat the faxed request as a public records request. She maintains that her letter, enclosing the faxed request and advising Relator that faxed filings were not accepted without prior approval, was not a denial of the request.

Relator explained that he had gone to the public computer terminals in the probate court but was unable to access narrative reports which were referenced on the court's docket.

{¶5} Upon receipt of the fax, Respondent sent Relator a letter that same day wherein she returned Relator's request and indicated faxed filings were not permitted without prior court approval.

**September 9, 2014**

{¶6} Relator faxed a letter to Respondent stating, "I take your letter and attendant return of my public records request to be a refusal to comply with Sup R 45(B)(1) and therefore will very promptly avail myself of the remedy set forth in Sup R 47(B)."

{¶7} Respondent sent a second letter reiterating the fax filing prohibition but also advising Relator that the requested records were available for viewing at the court's public computer terminals. The letter also advised Relator that the file was available at the court for his review. Finally, the letter informed Relator that a portion of the records sought were not available because "facsimile transmission cover pages/letters are not docketed."

{¶8} Respondent's letter appears to have been mailed. There is no indication the letter was faxed to Relator.

**September 10, 2014**

{¶9} Relator filed the instant "Verified Complaint for Writ of Mandamus." According to a letter sent to the Stark County Prosecutor who is counsel for Respondent, Relator acknowledged receipt of Respondent's September 9, 2014 letter only after he had already filed the Complaint for Writ of Mandamus.

**September 23, 2014**

{¶10} This Court issued a peremptory writ of mandamus requiring Respondent to respond to the public records request.

**September 25, 2014**

{¶11} Respondent mailed copies of the documents requested and repeated her explanation as to the nonexistence of the fax cover sheets.

I.

{¶12} Respondent urges this Court to dismiss the complaint based upon mootness as the records were made available via the September 9, 2014 letter. Relator argues an exception to the mootness doctrine exists because the circumstances presented herein are capable of repetition.

{¶13} Relator also argues not all of the records requested have been provided because Respondent has not provided requested copies of fax cover sheets. Therefore, it is Relator's position that Respondent has not fully complied with the public records request. Further, Relator maintains Respondent unlawfully destroyed records namely the fax cover sheets.

**Fax Cover Sheets**

{¶14} We find the fax cover sheets are not public records once they have been destroyed in the normal course of business.

{¶15} Superintendence Rule 26.01(E) provides, "**Correspondence and general office records:** Correspondence and general office records, including all sent and received correspondence, in any medium, may be destroyed in the normal course of

business as soon as they are considered to be of no value by the person holding the records."

**{¶16}** According to her affidavit, Respondent does not retain fax cover sheets. We find Respondent's destruction of the fax cover sheets complies with Sup.R. 26.01(E). Because they are not retained, they no longer exist. Respondent has "no duty to create or provide access to nonexistent records." *State ex rel. Lanham v. Smith,* 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 15.

### Mootness

**{¶17}** "The law provides that a respondent meets its burden of proving that a public records claim is moot by providing an affidavit that the requested public records have been provided. *State ex rel. Toledo Blade Co. v. Toledo–Lucas Cty. Port Auth.,* 121 Ohio St.3d at 540, 905 N.E.2d 1221." *State ex rel. Strothers v. Keenon*, 8th Dist. Cuyahoga No. 103313, 2016-Ohio-405, ¶ 40.

**{¶18}** Respondent has filed an affidavit stating all requested records in her possession have been provided to Relator.

**{¶19}** As to whether this case presents circumstances which qualify under the exception to mootness, "This exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the *same complaining party* will be subject to the same action again." (Emphasis added.) *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182." *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 18, 2009-Ohio-5947, 918 N.E.2d 515, 516-17, ¶ 5 (2009).

**{¶20}** In support of his contention that an exception to mootness exists, Relator points out this is the second complaint regarding public records he has filed against Respondent. The first action was voluntarily dismissed by Relator after the requested records were supplied.

**{¶21}** We do not find the exception to mootness applies based upon one prior filing of a complaint. In both instances, Respondent did provide the requested records.

**{¶22}** Because the requested records have been provided and because no exception to mootness exists, we dismiss the complaint on the basis of mootness.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur