[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. LaRose*, Slip Opinion No. 2022-Ohio-2794.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2794

THE STATE EX REL. AMES *v*. LAROSE, SECY. OF STATE, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. LaRose*, Slip Opinion No. 2022-Ohio-2794.]

*Elections—Mandamus—Action to compel secretary of state to direct boards of elections and precinct election officials to challenge electors denied as moot because primary election is over—Boards of elections have no clear legal duty to segregate and disqualify August 2, 2022 primary-election ballots of electors that voted for another party at the May 3, 2022 primary election— Writ denied.*

(No. 2022-0850—Submitted August 8, 2022—Decided August 11, 2022.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Brian M. Ames, was a candidate for the Republican Party State Central Committee for Senate District 28 in the primary election held on

August 2, 2022. In this expedited election matter, Ames asks for a writ of mandamus requiring respondent Secretary of State Frank LaRose to "instruct and direct" respondents Portage County Board of Elections, Geauga County Board of Elections, and Summit County Board of Elections to "challenge" electors who requested a ballot for a party other than the one for which the elector voted in the May 3, 2022 primary election. Additionally, Ames asks for an order that ballots cast in the August 2 primary be "segregated according to the party for which the elector voted in May" and that any ballots cast for a different party "not be counted." We deny the writ as moot as to Secretary LaRose. As to the boards of elections, we deny the writ because Ames is not entitled to the relief he seeks.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} The dispute in this case arises from the scheduling of an August 2, 2022 primary election for state legislative offices and party-central-committee seats, as necessitated by litigation related to General Assembly redistricting.

{¶ 3} The original date for Ohio's 2022 primary election, as set by the General Assembly, was May 3, 2022. On March 16, 2022, this court invalidated for the third time a General Assembly–district plan ("Map 3") adopted by the Ohio Redistricting Commission. *League of Women Voters of Ohio v. Ohio Redistricting Comm.*, ___ Ohio St.3d ___, 2022-Ohio-789, ___ N.E.3d ___, ¶ 2. In the wake of that decision, Secretary LaRose issued Directive 2022-31 on March 23. Secretary of State Directive 2022-31, Revised Form of Ballot for the May 3, 2022 Primary Election, available at https://www.ohiosos.gov/globalassets/elections/directives /2022/dir2022-31.pdf#page=1 (accessed Aug. 10, 2022) [https://perma.cc/7FUN-SXGY]. In that directive, Secretary LaRose explained that "it is not possible to include the primary contests for the Ohio House, Ohio Senate, and State Central Committee on the May 3, 2022 Primary Election ballot." Secretary LaRose instructed the county boards of elections to prepare for the May 3 primary election

without including the primary contests for the offices of state representative and state senator or the contests for members of the state central committees.

{¶ 4} On May 27, a three-judge panel of the United States District Court for the Southern District of Ohio, Eastern Division, ordered Secretary LaRose "to push back Ohio's state primaries to August 2, 2022, and to implement Map 3 for this year's elections *only*." (Emphasis sic.) *Gonidakis v. LaRose*, S.D.Ohio No. 2:22-cv-0773, 2022 WL 1709146, *1 (May 27, 2022). The following day, Secretary LaRose issued Directive 2022-34, which instructed the county boards of elections that they were required to implement Map 3 for an August 2 primary election for the offices of state representative and state senator and for the election of members of the state central committees. Secretary of State Directive 2022-34, Instructions for the August 2, 2022 Primary Election, available at https://www.ohiosos.gov /globalassets/elections/directives/2022/dir2022-34.pdf#page=1 (accessed Aug. 10, 2022) [https://perma.cc/E9AP-ZA3C]. Directive 2022-34 also instructed: "Voters may request a ballot for either major political party or an issues-only ballot, if applicable, regardless of their participation in the May 3, 2022 Primary Election."

{¶ 5} Ames was certified to the ballot as a candidate for the Republican Party State Central Committee for the 28th District. On July 8, Ames inquired of Secretary LaRose and the Portage County Board of Elections whether an elector could request "a different party ballot for the August election than for May." The secretary's office responded by email the same day, stating, "There is no requirement for a voter to vote in the same party's primary election as they did in the May primary." Similarly, the Portage County Board of Elections responded to Ames on July 8, explaining, "Yes, per the Ohio Secretary of State, voters may request a ballot for either major political party regardless of their participation in the May 3, 2022 Primary Election."

{¶ 6} Ames commenced this expedited election action on July 8. The complaint names the secretary and the boards of elections of Portage, Summit, and

Geauga Counties as respondents. Ames alleges that the federal court set August 2 as the date for Ohio voters "to finish the May 3 primary" and that the August 2 election was not a "second primary" for the 2022 election cycle. Ames claims that he is "entitled to face election by precisely the same voters as he would have faced on May 3, 2022" if the state legislative offices and central-committee seats had been on that ballot. The complaint prays for a writ of mandamus "ordering Secretary of State Frank LaRose, with respect to the August 2, 2022 continuation of the May 3, 2022 primary election, to instruct and direct the county boards of election[s] and their precinct election official[s] to challenge electors who request a ballot for a party other than the party ballot [the elector voted on] May 3, 2022." The complaint did not ask specifically for mandamus relief against the county boards of elections. However, in his merit brief, Ames asked for "additional relief" that appears to be directed at the respective boards of elections. He requested (1) "[t]hat ballots contained in envelopes bearing the name of the elector be segregated according to the party for which the elector voted in May" and (2) that ballots cast for a different party than that for which the elector cast a ballot in May "be disqualified as to the [August 2 primary] and the votes in those contests not be counted."

**{¶ 7}** Even though Ames filed this action less than a month before the August 2 primary, he did not file a motion to expedite this matter more than the accelerated time frame set forth in S.Ct.Prac.R. 12.08 for expedited election matters. The parties submitted their evidence and merit briefing pursuant to the schedule in S.Ct.Prac.R. 12.08(A)(2), and the matter was fully briefed on August 2.

## II. ANALYSIS

### A. *Claim Against the Secretary Is Moot*

**{¶ 8}** As to Secretary LaRose, we deny the writ as moot. Ames prays for a writ of mandamus ordering the secretary "to instruct and direct the county boards

of election[s] and their precinct election official[s] to challenge electors who request a ballot for a party other than the party ballot vote[d] in the May 3, 2022" primary election. The secretary can no longer perform this act: the August 2 primary election is over. Ames therefore cannot obtain the requested writ against the secretary. *See State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 3-4 (sua sponte dismissal on mootness grounds is appropriate when claimant plainly cannot prevail on the allegations in the complaint).

### B. No Entitlement to Mandamus Against the Boards

{¶ 9} As against the boards of elections, Ames's complaint does not ask for specific relief: the only prayer for relief in mandamus is for a writ ordering the *secretary* to direct the county boards of elections and their precinct election officials to challenge any elector who requested a ballot for a party other than the party whose ballot the elector requested on May 3. In his merit brief, however, Ames requested "additional relief" that, on its face, reaches the boards.[1] Specifically, Ames asked (1) that ballots cast in the August 2 primary "be segregated" according to the party for which electors voted in the May 3 primary and (2) that ballots cast for a different party in the August 2 primary "be disqualified" and "not be counted."

{¶ 10} To be entitled to a writ of mandamus, Ames must establish by clear and convincing evidence that (1) he has a clear legal right to the requested relief, (2) respondents are under a clear legal duty to perform the requested acts, and (3) he has no adequate remedy in the ordinary course of the law. *State ex rel. Linnabary v. Husted*, 138 Ohio St.3d 535, 2014-Ohio-1417, 8 N.E.3d 940, ¶ 13. Because of the proximity of the primary election at the time he filed this action (25 days away),

---

1. We express no opinion on whether this request is procedurally proper. None of the respondents have challenged the propriety of Ames's seeking additional relief in his merit brief that he did not request in his complaint.

Ames lacks an adequate remedy in the ordinary course of the law. *See State ex rel. West v. LaRose*, 161 Ohio St.3d 192, 2020-Ohio-4380, 161 N.E.3d 631, ¶ 15.

{¶ 11} Here, there is no evidence before this court relating to whether Ames's requested "segregation" of ballots is still possible now that the election is over. But even assuming his request for "additional relief" is not moot, Ames has not demonstrated a clear legal right to that relief or a clear legal duty on the part of the boards of elections to provide it. For one thing, the relief Ames seeks is contrary to Directive 2022-34, which instructed boards to allow electors to request any party's ballot (or an issues-only ballot, if applicable) for the August 2 primary. Ames cites no authority for the proposition that a board of elections may act contrary to the secretary's directive.

{¶ 12} Additionally, Ames cites no statute for the proposition that a board of elections can segregate ballots cast in a primary election in order for those ballots to be challenged based on party affiliation after the election has concluded. Under the statutory scheme governing primary elections, the decision whether to challenge a voter's party affiliation is not in the hands of the boards of elections at all. Instead, R.C. 3513.19 specifies that it is precinct election officials who are responsible for challenging an elector on the ground that the elector "is not affiliated with or is not a member of the political party whose ballot the person desires to vote." R.C. 3513.19(A)(3). Ames's requested relief inappropriately seeks to shift to the boards a duty that the relevant statute does not impose on them.

### III. CONCLUSION

{¶ 13} Ames's complaint is moot as against Secretary LaRose. And as to the boards of elections, Ames has failed to demonstrate a clear legal right to the relief he seeks or a clear legal duty on the part of the boards to perform the requested acts. We therefore deny the writ.

Writ denied.

6

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Brian M. Ames, pro se.

Dave Yost, Attorney General, and Allison Daniel and Iris Jin, Assistant Attorneys General, for respondent Ohio Secretary of State Frank LaRose.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Marrett Hanna and Carrie Hill, Assistant Prosecuting Attorneys, for respondent Summit County Board of Elections.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Christopher J. Meduri, Assistant Prosecuting Attorney, for respondent Portage County Board of Elections.

James R. Flaiz, Geauga County Prosecuting Attorney, and Kristen Rine, Assistant Prosecuting Attorney, for respondent Geauga County Board of Elections.

_____