[Cite as *King v. Semi Valley Sound, L.L.C.*, 2011-Ohio-3567.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| DERRICK M. KING | C.A. No. 25655 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SEMI VALLEY SOUND, LLC, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No. CV 2010-07-4777 |

DECISION AND JOURNAL ENTRY

Dated: July 20, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1} In late June 2010, Derrick King learned that his name and address had been published along with his photograph under the heading of "Local Registered Sexual Offenders" in the Summit County edition of Busted magazine. Acting pro se, Mr. King promptly filed a complaint against the publishers for false light invasion of privacy, defamation, and intentional infliction of emotional distress. The trial court granted the defendants' motion to dismiss the complaint under Rule 12(B)(6) of the Ohio Rules of Civil Procedure. Mr. King has appealed the trial court's ruling regarding the invasion of privacy and defamation claims. This Court reverses the trial court's order granting the motion to dismiss the invasion of privacy claims because we cannot say that it appears beyond doubt that Mr. King can prove no set of facts warranting recovery. This court affirms the trial court's order dismissing the defamation claims because Mr. King did not allege any special damage flowing from the publication and the allegedly

defamatory statement was not likely to cause him to be subjected to ridicule, hatred, or contempt, or injure him in his trade or profession.

## BACKGROUND

{¶2} Initially, Mr. King filed a complaint against Semi Valley Sound LLC, Dan Oakley, Ryan Trombley, and Elsie Sanchez for false light invasion of privacy, defamation of character, and intentional infliction of emotional distress. In his complaint, he asserted that Busted magazine is a publication designed to show the mug shots of people recently arrested in a designated community as well as local registered sex offenders. He also asserted that he "was a former registered sex offender as a result of a 1991 conviction for gross sexual imposition that was committed in the State of Ohio."

{¶3} Mr. King explained in his complaint that he was required to register as a sex offender until August 8, 2007. Then his registration requirement was extended until August 8, 2012 by the passage of Ohio's Adam Walsh Act. According to his complaint, Mr. King filed a lawsuit challenging the constitutionality of the changes in state law. He alleged that the Summit County Sheriff Department's registered sex offender website then noted on Mr. King's listing that the entry was "stayed by court[.]" Finally, he alleged that his duty to register as a sex offender "was terminated as a result of the June 3, 2010[,] . . . decision by the Ohio Supreme Court in *State v. Bodyke*, 2010-Ohio-2424." He attached to his complaint a photocopy of the June 2010 edition of the Busted publication including his photograph; the Summit County Sheriff Department's registered sex offender website entry identifying Mr. King; and a notification letter to Mr. King from the Ohio Attorney General, indicating that, due to the ruling in *Bodyke*, his registration period has expired and he no longer has any duty to register in Ohio.

{¶4} Mr. King alleged that Semi Valley Sound published Busted magazine and that each of the individually named defendants were either partners or managers of the company. In response, the defendants moved to dismiss the complaint under Rule 12(B)(6) of the Ohio Rules of Civil Procedure for failure to state a claim upon which relief could be granted. Mr. King opposed the motion and, while it remained pending, filed an amended complaint without leave of court. In his amended complaint, he removed Mr. Oakley and Ms. Sanchez and added as defendants Christine Albright, Justin Albright, and an unknown number of John/Jane Does, whom he alleged were members of Semi Valley Sound as defined by Florida law. The amended complaint contained the same claims as the original. The defendants named in the amended complaint then moved for dismissal of the amended complaint under Rule 12(B)(6) of the Ohio Rules of Civil Procedure based on the arguments presented in the original motion to dismiss. Mr. King also opposed the second motion to dismiss.

{¶5} The trial court granted the defendants' motions to dismiss both complaints, and Mr. King has appealed the trial court's dismissal of his invasion of privacy and defamation claims. He has not appealed the trial court's order dismissing his intentional infliction of emotional distress claims.

## THE COMPLAINTS

{¶6} There seems to be some confusion in this matter regarding whether Mr. King was permitted to amend his complaint. According to Mr. King, his amended complaint stated the same grounds for relief as the original complaint, but dismissed Mr. Oakley and Ms. Sanchez and added the Albrights and several unknown John/Jane Does as defendants. He has argued that he was permitted to amend under Rule 15(A) of the Ohio Rules of Civil Procedure because that rule allows "[a] party [to] amend his pleading once as a matter of course at any time before a

responsive pleading is served . . . ." Under Civil Rule 7(A), pleadings include only complaints, answers, and replies. As the named defendants in this case never filed answers, but merely moved to dismiss under Rule 12(B)(6), Mr. King did not require leave of court to amend his complaint. See *State ex rel. Hanson v. Guernsey County Bd. Of Comm'rs*, 65 Ohio St. 3d 545, 549 (1992). Thus, the amended complaint was the only viable pleading at the time the trial court ruled on the defendants' motion to dismiss.

## CIVIL RULE 12(B)(6)

**{¶7}** This Court reviews an order granting a Civil Rule 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St. 3d 79, 2004-Ohio-4362, at ¶5. Given the notice pleading requirements of the Ohio Rules of Civil Procedure, "a plaintiff is not required to prove his or her case at the pleading stage. Very often, the evidence necessary for a plaintiff to prevail is not obtained until [he] is able to discover materials in the defendant's possession." *York v. Ohio State Highway Patrol*, 60 Ohio St. 3d 143, 144-45 (1991). "Thus, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove[.]" *State ex rel. Hanson v. Guernsey County Bd. Of Comm'rs*, 65 Ohio St. 3d 545, 549 (1991). But see *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St. 3d 17, 2009-Ohio-5947, at ¶7-8 (complaint correctly dismissed under Civil Rule 12(B)(6) because plaintiff did not sufficiently allege a required element of the claim although plaintiff would have had access to the relevant evidence).

**{¶8}** In considering a motion to dismiss under Rule 12(B)(6), a court must consider only the facts alleged in the complaint and any material incorporated into it. See Civ. R. 12(B); Civ. R. 10(C); *State ex rel. Crabtree v. Franklin County Bd. of Health,* 77 Ohio St. 3d 247, 249

n.1 (1997). At this stage, the court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co*., 40 Ohio St. 3d 190, 192 (1988). "Then, before we may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery." *Id.* "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Highway Patrol*, 60 Ohio St. 3d 143, 145 (1991).

## FALSE LIGHT INVASION OF PRIVACY

{¶9} Mr. King's first assignment of error is that the trial court erred by dismissing his claims of invasion of privacy based on an incorrect determination that he does not have a right to privacy under these circumstances. He has alleged the tort of false light invasion of privacy. "One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of privacy if (a) the false light in which the other was placed would be highly offensive to a reasonable person and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Welling v. Weinfeld*, 113 Ohio St. 3d 464, 2007-Ohio-2451, at syllabus (adopting Restatement (Second) of Torts, § 652E (1977)). Mr. King has argued that Semi Valley Sound publicized his name, address, and photograph, claiming that he was a registered sex offender when he was not.

{¶10} Mr. King included the following allegations in his complaint. He alleged that he had been convicted of a sex offense in 1991 and was required to register as a sex offender until August 2007. Due to Ohio's adoption of the Adam Walsh Act in 2006, the state extended his registration requirements until 2012. Sometime later, Mr. King filed a lawsuit challenging the

constitutionality of the new law, causing the Summit County Sheriff's Department to alter his entry on its official sex offender website. According to the complaint, the Summit County Sheriff's Department marked his online registry with the notation "stayed by court." On June 3, 2010, the Ohio Supreme Court released its decision in *State v. Bodyke*, 126 Ohio St. 3d 266, 2010-Ohio-2424, terminating Mr. King's duty to register as a sex offender.

{¶11} Mr. King alleged that Busted magazine labeled him a registered sex offender by including his photograph, name, and address under the heading of "Local Registered Sexual Offenders" in its June 2010 issue. Mr. King attached to his complaint a copy of a letter he received from the Ohio Attorney General's office, notifying him that, due to the Supreme Court's decision in *Bodyke*, his registration period had expired and he no longer had a duty to register in Ohio. After incorporating all of the factual allegations from the first nineteen paragraphs of his complaint, Mr. King went on to allege that Semi Valley Sound had placed him in a false light that would be highly offensive to a reasonable person and that it had knowledge of or acted in reckless disregard of the falsity of the material and the false light into which it would place Mr. King.

{¶12} Presuming that all of the factual allegations are true and making all reasonable inferences in Mr. King's favor, as we must at this stage of the proceeding, this Court must determine whether he could potentially prove a set of facts warranting recovery for false light invasion of privacy. *Mitchell v. Lawson Milk Co*., 40 Ohio St. 3d 190, 192 (1988); Civ. R. 12(B)(6). Mr. King has alleged that Semi Valley Sound publicized his personal identification, including his name, address, and likeness in a magazine, placing him in a false light by labeling him a local registered sex offender. Given the standard applicable to a motion to dismiss for

failure to state a claim upon which relief may be granted, Mr. King's allegations satisfy the requirements of a false light invasion of privacy claim.

{¶13} He has alleged that Semi Valley Sound publicized that he was a registered sex offender at a time when he was not a registered sex offender and that it acted in reckless disregard of the falsity of that information either by ignoring the stay on his official registry entry and/or by ignoring the import of the Supreme Court's decision in *Bodyke*. Mr. King also alleged that the false light into which the magazine placed him would be highly offensive to a reasonable person. Although Semi Valley Sound recognized in its appellate brief that "the applicable standard is not what is highly offensive to [Mr. King,] but what is 'highly offensive to a reasonable person[,]'" it argued that the average person reading Busted magazine would not be highly offended by the difference between a registered sex offender and a formerly registered sex offender. The question, however, is what a reasonable person whose photograph and personal information is published in Busted magazine under the heading of "Registered Sexual Offenders" would find highly offensive.

{¶14} The Restatement of the Law, 2d, Torts (1977), Section 652E, adopted by the Ohio Supreme Court in *Welling v. Weinfeld*, 113 Ohio St. 3d 464, 2007-Ohio-2451, at syllabus, indicates that it is not necessary that a plaintiff be defamed in order to recover for a false light invasion of privacy. "It is enough that he is given unreasonable and highly objectionable publicity that attributes to him characteristics, conduct or beliefs that are false, and so is placed before the public in a false position." Restatement (Second) of Torts, § 652E, cmt. b (1977). Comment b to Section 652E includes illustrations of this concept. For example, a person who induces a Democrat to sign a petition nominating someone for office will be subject to liability for invasion of the Democrat's privacy if he continues to circulate the petition after the Democrat

realizes that the nominee is a Republican and requests that his name be removed from the petition. *Id.* at illus. 4. The false light into which the plaintiff is cast must be highly offensive to a reasonable person. "In other words, it applies only when the defendant knows that the plaintiff, as a reasonable man, would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity." Restatement (Second) of Torts, § 652E, cmt. c (1977). Absent special circumstances, unimportant details, such as a wrong residential address or a mistake in the date he entered his employment would not give any serious offense to a reasonable person and, therefore, would not invade a plaintiff's privacy, even if made deliberately. *Id.* "It is only when there is such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position, that there is a cause of action for invasion of privacy." *Id.* For example, according to the Restatement, a movie made about a harrowing, albeit ultimately successful, flight over the Atlantic may expose the broadcaster to liability for false light invasion of privacy of the pilot even without depicting him in a negative light. For instance, the movie may depict the pilot "praying, reassuring passengers, and otherwise conducting himself in a fictitious manner that does not defame him in any way[.]" *Id.* at illus. 9. According to the Restatement, "[w]hether this is an invasion of [the pilot's] privacy depends upon whether it is found by the jury that the scenes would be highly objectionable to a reasonable man in [the pilot's] position." *Id.* Mr. King alleged that he had been convicted of a crime, had served his period of registration, and successfully fought the State of Ohio on an attempted five-year extension of his registration requirements. Because a reasonable jury could find that Mr. King's profile in Busted magazine would be highly objectionable to a reasonable man in Mr. King's position, this Court cannot say that it "appear[s] beyond doubt that [Mr. King] can prove no set

of facts warranting recovery." *Mitchell v. Lawson Milk Co.*, 40 Ohio St. 3d 190, 192 (1988). Therefore, his first assignment of error is sustained.

DEFAMATION

{¶15} Mr. King's second assignment of error is that the trial court incorrectly dismissed his defamation claims under Rule 12(B)(6) of the Ohio Rules of Civil Procedure because it incorrectly determined that the word "registered" is not defamatory when used in reference to a convicted sex offender. To overcome a motion to dismiss for failure to state a defamation claim, Mr. King had to allege facts in support of five elements: "(1) a false and defamatory statement, (2) about plaintiff, (3) published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) that was either defamatory per se or caused special harm to the plaintiff." *Ne. Ohio Elite Gymnastics Training Ctr. Inc. v. Osborne*, 183 Ohio App. 3d 104, 2009-Ohio-2612, at ¶7 (quoting *Gosden v. Louis*, 116 Ohio App. 3d 195, 206 (1996)). "Defamation per se occurs when material is defamatory on its face; defamation per quod occurs when material is defamatory through interpretation or innuendo. Written matter is libelous per se if, on its face, it reflects upon a person's character in a manner that will cause him to be ridiculed, hated, or held in contempt, or in a manner that will injure him in his trade or profession." *Id.* (quoting *Gosden*, 116 Ohio App. 3d at 206-07). "When not ambiguous, whether a statement is defamation per se is a question of law for the trial court to determine." *Id.* at ¶8.

{¶16} In his complaint, Mr. King alleged that Semi Valley's Sound's actions were false and defamatory because the publication included him in a list of currently registered sex offenders. He alleged that the defendants acted with intent and malice. Mr. King has not alleged special harm resulting from the publication. Therefore, we must consider only whether the

allegedly defamatory statement was libelous per se.  See *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St. 3d 17, 2009-Ohio-5947, at ¶7-8.

**{¶17}**  Mr. King has admitted that he is a sex offender.  According to him, the only false word in the publication is the word "registered," which implies that, at the time of publication, he was required to register his status as a sex offender with local law enforcement authorities.  Being publically identified as a sex offender, regardless of registration status, is likely to cause a person to be subjected to ridicule, hatred, and contempt.  This Court, however, does not believe that being falsely identified as a "registered" sex offender would cause Mr. King to be subjected to ridicule, hatred, or contempt, or injure him in his trade or profession beyond what he would be subjected to simply by being identified as a sex offender.  *Ne. Ohio Elite Gymnastics Training Ctr. Inc. v. Osborne*, 183 Ohio App. 3d 104, 2009-Ohio-2612, at ¶7 (quoting *Gosden v. Louis*, 116 Ohio App. 3d 195, 206-07 (1996)).  Therefore, Mr. King has not alleged a set of facts warranting recovery for defamation.  *Mitchell v. Lawson Milk Co*., 40 Ohio St. 3d 190, 192 (1988); Civ. R. 12(B)(6).  Mr. King's second assignment of error is overruled.

### THE TRUTH OR FALSITY OF THE STATEMENT

**{¶18}**  Mr. King's third assignment of error is that the trial court's determination that the published statements were true was against the manifest weight of the evidence.  In light of this Court's analysis of Mr. King's first and second assignments of error, this assignment is moot and is overruled on that basis.  See App. R. 12(A)(1)(c).

### CONCLUSION

**{¶19}**  Mr. King's first assignment of error is sustained because this Court cannot say that it appears beyond doubt that Mr. King can prove no set of facts warranting recovery on his claim for false light invasion of privacy.  His second assignment of error is overruled because he

did not allege any special damage flowing from the publication and the statement was not libel per se. His third assignment of error is overruled as moot. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to all parties equally.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, J.
CONCURS IN PART, AND DISSENTS IN PART, SAYING:

{¶20} I respectfully dissent from the decision of the majority to reverse the trial court's dismissal of the false light invasion of privacy claim. I recognize that at the Civ.R. 12(B)(6) stage of the proceedings, we are required to view all facts alleged in the complaint as true. Doing so, I cannot conclude that a reasonable person would be *highly offended* after viewing Mr. King's image in a magazine as a registered sex offender to learn that he was previously required for several years to register as a sex offender, but currently the registration was expired.

{¶21} I fully appreciate that to Mr. King, as an individual having pursued his rights within the court system, the publication of his picture and personal information without the accurate reference of "former registered sex offender" is offensive. However, the case law makes clear that the standard is not personal; rather it is based on a reasonable person. The publicity must be "of a kind that would be highly offensive to a reasonable person. In other words, it applies only when the defendant knows that the plaintiff, as a reasonable man, would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity." *Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, ¶55, quoting Restatement of the Law 2d, Torts, Section 652E, Comment *c*. The *Welling* Court continued to quote the Restatement, stating that "[i]t is only when there is such a *major misrepresentation of his character, history, activities* or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position, that there is a cause of action for invasion of privacy." (Emphasis added). Id.

{¶22} Given that standard, I do not believe that a reasonable person would be *highly offended* by the publication under these circumstances, and thus the trial court did not err in dismissing the claim.

BELFANCE, P.J.
CONCURS IN PART, AND DISSENTS IN PART, SAYING:

{¶23} I concur in the judgment with respect to the main opinion's resolution of Mr. King's first assignment of error. However, with respect to the main opinion's resolution of Mr. King's second assignment of error, I respectfully dissent as I would conclude that Mr. King's factual allegations are sufficient to survive a Civ.R. 12(B)(6) motion to dismiss. Construing all factual allegations as true and in a light most favorable to Mr. King, see *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St. 3d 190, 192, I would conclude that he has stated a claim for defamation. The main opinion engages in an analysis that essentially weighs the allegations instead of examining the allegations broadly to determine if they are sufficient to state a claim. As noted by the main opinion, Mr. King is not required to prove his case at this stage of the litigation. See *York v. Ohio State Highway Patrol* (1991), 60 Ohio St.3d 143, 144-145. The factual allegations Mr. King asserted in his complaint address the basic elements of a defamation claim and thus satisfy the notice pleading requirements of Civ.R. 8(A). See, e.g., *Gall v. Dye* (Sept. 8, 1999), 9th Dist. No. 98CA007183, at *3; *Pollock v. Rashid* (1996), 117 Ohio App.3d 361, 368-369; *Roe v. Franklin Cty.* (1996), 109 Ohio App.3d 772, 785; *Bayer v. Neff* (Dec. 29, 1995), 11th Dist. No. 95-L-044, at *6. Accordingly, I would also sustain Mr. King's second assignment of error.

APPEARANCES:

DERRICK M. KING, pro se, Appellant.

MARK W. BERNLOHR, and SARAH B. BAKER, Attorneys at Law, for Appellees.