[Cite as *Hurst v. Moore*, 2017-Ohio-7238.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| MARK E. HURST | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant/Cross-appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
|  | : |  |
|  | : |  |
| -vs- | : | Case No. 17-CA-4 |
|  | : |  |
| WAYNE MOORE, ET AL | : |  |
|  | : | O P I N I O N |
| Defendants-Appellees/Cross-Appellants |  |  |

CHARACTER OF PROCEEDING:       Civil appeal from the Licking County Court
of Common Pleas, Case No. 2016 CV
00007

JUDGMENT:                                    Affirmed in part; Reversed and Remanded
in part

DATE OF JUDGMENT ENTRY:       August 15, 2017

APPEARANCES:

For Appellant/Cross-Appellee                For Appellees/Cross-Appellants

MARK E. HURST, Pro Se                     DANIEL DOWNEY
470 New Haven Avenue                       400 South Fifth Street
Newark, OH 43055                             Suite 200
                                                      Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellant and cross-appellant both appeal the January 5, 2017 judgment entry of the Licking County Court of Common Pleas.

*Facts & Procedural History*

{¶2} In 2008, appellant-cross appellee Mark Hurst ("Hurst") was convicted of: pandering obscenity involving a minor in violation of R.C. 2907.321; pandering sexually oriented matter involving a minor in violation of R.C. 2907.322; and illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323. Hurst was first designated as a Tier I sexual offender and was ordered to register for purposes of Ohio's Sexual Offender or Child-Victim Offender Notice Database ("SORN"). Hurst was released from prison in 2011 and registered as a Tier I sex offender on November 7, 2011.

{¶3} On February 12, 2012, the trial court issued a judgment entry reclassifying Hurst as a sexually oriented offender. Hurst again registered for purposes of SORN. Hurst was incarcerated from December 18, 2012 through July 9, 2013 for violating his parole.

{¶4} On December 20, 2012, while Hurst was in prison, this Court issued a decision finding the portion of Hurst's sentence classifying him as a sexually oriented offender void because his convictions did not subject him to classification as a sexual offender at the time they were committed. Thus, this Court vacated Hurst's classification as a sexually oriented offender. *State v. Hurst*, 5th Dist. Licking No. 12-CA-20, 2012-Ohio-6075.

{¶5} On August 15, 2016, though Hurst was not classified as a "sexually oriented offender," or subject to any sexual offender registration requirements, appellee-cross-

appellant Wayne Moore ("Moore"), a detective with the Licking County Sheriff's Office, contacted Hurst and informed him he was required to register as a sex offender. Hurst protested and provided Moore with a copy of the December 12, 2012 judgment entry from this Court voiding his improper classification. However, Moore stated Hurst was required to register and he entered Hurst's information into the National Sex Offender Registry website.

{¶6} On January 6, 2016, Hurst filed a complaint for defamation against Moore for publishing his information on the National Sexual Offender Registry. On February 3, 2016, Moore filed a motion to dismiss, arguing Hurst failed to plead a defamatory statement and arguing Moore was immune from liability. In a March 18, 2016 judgment entry, the trial court found that while the Licking County Sheriff's Office and the Licking County Sheriff were immune from Hurst's claims, the motion to dismiss with regards to Moore was denied because it was not clear Hurst could prove no set of facts that would entitle him to relief against Moore.

{¶7} On October 28, 2016, Moore filed a motion for summary judgment. Moore first argued he was immune from suit pursuant to R.C. 2950.12 and R.C. 2744.03. Alternatively, Moore argued Hurst's defamation claim failed.

{¶8} The trial court issued a judgment entry on January 5, 2017. The trial court found since Hurst did not come forth with any evidence of special harm or damages, there was no defamation per quod. As to defamation per se, the trial court found Hurst's inclusion on the registry did not subject him to ridicule, hatred, contempt, or injure him beyond what he would be subject to because of his convictions. The trial court concluded

since Hurst did not come forth with any evidence of damages, Moore was entitled to summary judgment on Hurst's claim.

{¶9} Hurst appeals the January 5, 2017 judgment entry of the Licking County Court of Common Pleas and assigns the following as error:

{¶10} "I. THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION, AND USED A UNSUSTAINABLE, TOTALLY UNRELATED CASE TO SUPPORT ITS JUDGMENT AND GRANT SUMMARY JUDGMENT TO APPELLEE.

{¶11} "II. THE COURT SHOWED BIAS AND PREJUDICE TOWARD A PRO SE LITIGANT."

{¶12} Moore also filed an appeal of the trial court's July 5, 2017 judgment entry and assigns the following as error:

{¶13} "I. DESPITE CORRECTLY AWARDING SUMMARY JUDGMENT IN FAVOR OF CROSS-APPELLANT, THE TRIAL COURT ERRED IN FAILING TO ALSO FIND THAT CROSS-APPELLANT WAS IMMUNE FROM SUIT PER R.C. 2950.12.

{¶14} "II. DESPITE CORRECTLY AWARDING SUMMARY JUDGMENT IN FAVOR OF CROSS-APPELLANT, THE TRIAL COURT ERRED IN FAILING TO ALSO FIND THAT CROSS-APPELLANT WAS IMMUNE FROM SUIT PER R.C. 2744.03."

*Summary Judgment Standard*

{¶15} Civil Rule 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in

the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶16} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶17} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding*

*Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶18} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

I.

{¶19} In his first assignment of error, Hurst argues the trial court erred in granting Moore's motion for summary judgment.

{¶20} To survive a summary judgment on his defamation claim, Hurst was required to establish five elements necessary to a claim for defamation: (1) a false and defamatory statement of fact; (2) about the plaintiff; (3) published without privilege to a third party; (4) with fault of at least negligence on the part of the defendant; and (5) which was either defamatory per se or caused special harm to the plaintiff. *Davis v. Johnson*, 5th Dist. Richland No. 07 CA 40, 2007-Ohio-6567.

{¶21} There are two types of defamation, defamation per se and defamation per quod. Defamation per quod refers to a communication that is capable of being interpreted as defamatory, i.e., it must be determined by the interpretation of the listener, through

innuendo, as being either innocent or damaging. *Northeast Ohio Elite Gymnastics Training Center, Inc. v. Osborne*, 183 Ohio App.3d 104, 2009-Ohio-2612, 916 N.E.2d 484 (9th Dist.). For defamation per quod, special damages must be pled and proven. *Id.* Special damages are damages of such a nature that they do not follow as a necessary consequence of the complained injury. *Id.*

{¶22} In this case, Hurst has not alleged any special damages or harm. Accordingly, we find the trial court did not err in finding the statements were not defamatory per quod.

{¶23} For a communication to be defamatory per se, it must be actionable upon the very words spoken without regard to the interpretation of the listener, i.e., it is actionable on its face. *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 651 N.E.2d 1283 (1995). A statement is defamatory per se if, on its face, it reflects upon his character in such a manner that would cause him to be ridiculed, hated, or held in contempt, or in a manner that will injure him in his trade or profession. *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 651 N.E.2d 1283 (1995); *Croskey v. Universal Health Services*, 5th Dist. Richland No. 09 CA 37, 2009-Ohio-5951.

{¶24} The trial court found this case analogous to *King v. Semi Valley Sound, LLC*, 9th Dist. Summit No. 25655, 2011-Ohio-3567, and stated the inclusion of Hurst on the registry did not subject him to ridicule, hatred, contempt, or injure him beyond what he would be subject to because of his convictions.

{¶25} However, we find the *King* case is factually different from the instant case. In *King*, the appellant admitted he was a sex offender, but alleged the use of the word

"registered," when used in reference to a convicted sex offender, is defamatory. *Id.* According to the appellant in the *King* case, the only false word in the publication at issue was the word "registered." *Id.*

{¶26} In the *King* case, the court stated that, "being publicly identified as a sex offender, regardless of registration status, is likely to cause a person to be subjected to ridicule, hatred, and contempt." *Id.* However, the court found that being falsely identified as a sex offender who had to "register" would not cause King to be subjected to ridicule, hatred, or contempt, or injure him in his trade or profession beyond what he would be subjected to simply being identified as a sex offender. *Id.*

{¶27} In this case, Hurst's argument is not simply that the only false word is the word "registered." Rather, Hurst contends it is defamatory to designate him a "registered sex offender" since his convictions did not subject him to classification as a sex offender at the time they were committed. Hurst did not admit he was a sex offender as King did. In *State v. Hurst*, 5th Dist. Licking No. 12-CA-20, 2012-Ohio-6075, we vacated and found void the portion of Hurst's sentence classifying him as a sexually oriented offender. Accordingly, we find there are genuine issues of material fact as to whether Moore's entering of Hurst's information into the National Sex Offender Registry website subjected Hurst to ridicule, hatred, or contempt, or injure him in his trade or profession when the portion of Hurst's sentence classifying him as a sexually oriented offender was vacated and found void.

{¶28} The trial court also found Moore was entitled to summary judgment because he presented no evidence of damages. However, when a statement is defamatory per se, some damages are presumed. *Northeast Ohio Elite Gymnastics Training Center, Inc.*

*v. Osborne*, 183 Ohio App.3d 104, 2009-Ohio-2612, 916 N.E.2d 484 (9th Dist.). Further, Hurst testified in his deposition that he suffered stress, anxiety, humiliation, and shame when Moore required him to register.

**{¶29}** Accordingly, Hurst's first assignment of error is sustained.

II.

**{¶30}** In his second assignment of error, Hurst contends the trial court showed bias towards him because he was a pro se litigant.

**{¶31}** It is well-established that, pursuant to R.C. 2701.03, the Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced. See *Jones v. Billingham*, 105 Ohio App.3d 8, 663 N.E.2d 657 (2nd Dist. 1995). If a common pleas litigant wishes to raise a challenge to a trial court judge's objectivity, he or she must utilize the procedure set forth in R.C. 2701.03. *State v. Feagin,* 5th Dist. Richland No. 16CA21, 2016-Ohio-7003; *In re Baby Boy Eddy*, 5th Dist. Fairfield No. 99CA22, 2000 WL 1410 (1999).

**{¶32}** Disqualification proceedings are not initiated in the court of appeals and are not subject to review by the court of appeals. *Beer v. Griffith*, 54 Ohio St.2d 440, 377 N.E.2d 775 (1978). Thus, an appellate court lacks the authority to pass upon the disqualification of a common pleas court judge. *State v. Ramos*, 88 Ohio App.3d 394, 623 N.E.2d 1336 (Ohio App. 9th Dist 1993).

**{¶33}** Accordingly, Hurst's second assignment of error is overruled.

Cross-Appeal I. & II.

**{¶34}** In his cross-assignments of error, Moore contends the trial court did not err in granting him summary judgment, but erred in granting his motion for summary

judgment for the wrong reason; namely, the trial court erred in failing to find Moore was immune from Hurst's claim pursuant to R.C. 2950.12 and R.C. 2744, et seq. We find the analysis pursuant to R.C. 2744, et seq. dispositive in this case.

**{¶35}** R.C. 2744 et seq. provides governmental immunity to political subdivisions and their employees. Specifically, R.C. 2744.02(A)(1) provides, "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." An "employee" is defined by R.C. 2744.01(B) as "an officer, agent, employee, or servant * * * who is authorized to act and is acting within the scope of the officer's, agent's, employee's, or servant's employment for a political subdivision."

**{¶36}** Among the list of identified governmental functions is "the provision * * * of police * * * services or protection" and the "enforcement * * * of any law." R.C. 2744.01(C)(2)(a)(i). Thus, based upon the facts presented and the applicable statutory provisions, we conclude Moore was acting as an employee of a political subdivision and was performing a governmental function. Therefore, we begin with the presumption that Moore was immune from liability.

**{¶37}** An employee's immunity remains intact as a defense to any civil claims unless a plaintiff can prove under R.C. 2744.03(A)(6) that one of the exceptions to immunity is established. *Hunt v. Morrow County, Ohio*, 5th Dist. Morrow No. 08 CA 13, 2009-Ohio-4313 (finding a police officer cannot be held personally liable for acts committed while carrying out their official duties unless one of the exceptions to immunity applies); *Herbert v. City of Canton*, 5th Dist. Stark No. 2001CA00281, 2002-Ohio-906.

These exceptions to immunity are: (a) the employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (2) the employee's acts or omissions were committed with malicious purpose, in bad faith, or in a wanton or reckless manner; or (c) civil liability is expressly imposed upon the employee by a section of the Revised Code.  R.C. 2744.03(A)(6).

**{¶38}** Hurst has not directed this Court to any statutory provisions imposing liability upon Moore by a section of the Revised Code.  Thus, our determination as to whether Moore may have been exempt from immunity is subject to the provisions of R.C. 2744.03(A)(6)(a) and (b) only.

**{¶39}** Chapter 2744 does not define the type of employee acts that fall "manifestly outside the scope of employment or official responsibilities" under R.C. 2744.03(A)(6)(a). However, Ohio courts have generally drawn from agency law principles to hold that "conduct is within the scope of employment if it is initiated in part, to further or promote the master's business." *Hunt v. Morrow County, Ohio*, 5th Dist. Morrow No. 08 CA 13, 2009-Ohio-4313.

**{¶40}** In an affidavit attached to his motion for summary judgment, Moore avers that since April 18, 2015, his job duties include registering individuals with Ohio's Sexual Offender or Child-Victim Offender Notice database.  The affidavit of Jeremy Wells ("Wells"), an officer with the Adult Parole Authority, states that matters regarding a parolee's SORN registration are referred to the sheriff's office of the county where the parolee resides.  In his deposition, Hurst testified he met with Moore at the Sheriff's Office on August 19, 2015 and that he never met with Moore prior to August 19, 2015 or after August 19, 2015.  Other than the separately filed deposition of Hurst, none of the items

attached to Hurst's response to Moore's motion for summary judgment constitute Rule 56 evidence as they have not been incorporated by reference through a properly framed affidavit in accordance with Civil Rule 56(E).  Thus, it is undisputed all acts or omissions attributed to Moore occurred within the course and scope of his employment with the Licking County Sheriff's Office and there is no genuine issue of material fact as to whether Moore's acts or omissions were manifestly outside the scope of his employment or official responsibilities.

{¶41}  Hurst alleges Moore acted with malicious purpose, in bad faith, or in a wanton or reckless manner.  "Malice" refers to the willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through conduct which is unlawful or unjustified."  *Curry v. Blanchester*, 12th Dist. Clinton Nos. CA2009-08-010, CA2009-08-012, 2010-Ohio-3368.  "Bad faith" embraces more than bad judgment or negligence and involves a "dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive, ill will partaking of the nature of fraud, or an actual intent to mislead or deceive another."  *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148, 187 N.E.2d 45 (1962).

{¶42}  The Ohio Supreme Court has stated that "wanton misconduct" is the "failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability harm will result."  *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266 (2012).  Reckless conduct is "characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct."  *Id.*

**{¶43}** In this case, though Hurst testified he believes Moore acted with malicious intent by having Hurst register with SORN, when asked what proof he had that Moore wanted to harm him, Hurst responded, "At this time, none." Further, Moore submitted Rule 56 evidentiary material to support his claim that his conduct was not malicious, in bad faith, wanton, or reckless. First, Moore submitted evidence that he did not initiate matters regarding Hurst on August 19, 2015 and was responding to Wells' inquiry about Hurst's duty to register for SORN purposes. The affidavit of Wells avers that when Wells conducted a routine meeting with Hurst, Wells' parolee, and Hurst claimed he was no longer required to register with SORN, Wells contacted Moore to investigate Hurst's claim. Moore's affidavit states on August 19, 2015, he was contacted via telephone by APA Officer Wells concerning Hurst's obligation, if any, to register for purposes of SORN.

**{¶44}** Additionally, Moore submitted Rule 56 evidence that prior to ordering Hurst to register, he investigated the matter. In his affidavit, Moore avers: the Licking County Sheriff's Office typically receives notice of registration requirements of resident sex offenders through two sources, judgment entries from the trial court or from the Ohio Attorney General's Office SORN entries; the SORN records evidenced that on December 21, 2012, Stephen Brown from the Ohio Attorney General's Office entered into SORN that Hurst was a "sexually oriented offender" and thusly required to register for SORN purposes; during his investigation, he discovered the Ohio Attorney General's most recent SORN entry from December 21, 2012 provided Hurst must register for SORN purposes as no trial court judgment entries nor Attorney General SORN entries had been issued after December 21, 2012; and to confirm the accuracy of the Attorney General's entry, he

contacted Mark Sayers via telephone on August 19, 2015 at the Ohio Attorney General's Office, who confirmed Hurst must register with SORN.

**{¶45}** Hurst did not submit any Rule 56 evidence to controvert the assertions in Moore's affidavit. Further, Hurst cites no evidence in the record to support a conclusion that Moore had intended to harm him, failed to exercise due care in performing his investigatory duties, or acted with a conscious disregard of or indifference to a known or obvious risk when performing his duties. See *Miller v. Central Ohio Crime Stoppers, Inc.*, 10th Dist. Franklin No. 07AP-669, 2008-Ohio-669; *Hunt v. Morrow County, Ohio*, 5th Dist. Morrow No. 08 CA 13, 2009-Ohio-4313.

**{¶46}** Based on the Civil Rule 56 evidence in the record, there is no material dispute of fact as to malice, bad faith, wanton, or reckless misconduct. Accordingly, we find Moore is entitled to statutory immunity pursuant to R.C. 2744, et seq. Moore's second cross-assignment of error is sustained. Based upon our disposition of Moore's second cross-assignment of error, Moore's first cross-assignment of error is moot.

**{¶47}** In conclusion, we find the trial court erred in dismissing Hurst's defamation claim via summary judgment. However, we also find the trial court erred in finding Moore was not entitled to statutory immunity pursuant to R.C. 2744, et seq. Thus, Hurst's assignment of error is sustained and Moore's second cross-assignment of error is sustained. Hurst's second assignment of error is overruled.

{¶48} The January 5, 2017 judgment entry of the Licking County Court of Common Pleas is affirmed in part and reversed and remanded in part to the trial court to enter judgment.

By Gwin, P.J.,

Wise, John, J., and

Baldwin, J., concur