[Cite as *State ex rel. Daniels v. State Teachers Retirement Sys.*, 2017-Ohio-7847.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO, EX REL. ISIAH
DANIELS, III

     Appellant

     v.

STATE TEACHERS RETIREMENT
SYSTEM

     Appellee

C.A. No.      28442


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2016-09-3754

DECISION AND JOURNAL ENTRY

Dated: September 27, 2017

---

CALLAHAN, Judge.

**{¶1}** Appellant, Isiah Daniels, III, appeals the judgment of the Summit County Court of Common Pleas dismissing his petition for a writ of mandamus against Appellees, State Teachers Retirement System ("STRS") and Cecilia Maldonado. For the reasons set forth below, this Court affirms.

I.

**{¶2}** In January 2005, Mr. Daniels retired as a member of STRS. At that time, he was married and chose his spouse, Ms. Maldonado, as his beneficiary in a joint and survivor annuity without reversion option. In February 2016, Mr. Daniels obtained a divorce and an order from the domestic relations court stating he "may change the beneficiary designation of his STRS pension pursuant to STRS plans, rules, and regulations."

**{¶3}** Mr. Daniels completed a change of beneficiary form and mailed it, along with the domestic relations order, to STRS requesting to change his beneficiary from his ex-spouse to his daughter. STRS denied his request to change the beneficiary because Mr. Daniels had selected "the Joint and Survivor Annuity 15 year guaranteed one-half to beneficiary without reversion option." The denial letter explained that the plan he chose at the time of retirement did not permit him to revert to a single life annuity plan regardless of the death of or divorce from the beneficiary.

**{¶4}** Due to STRS' refusal to change his beneficiary and plan type, Mr. Daniels filed a petition for a writ of mandamus. The specific relief requested by Mr. Daniels was a writ (1) "giving effect to the Order of the Court of Common Pleas allowing [him] to change the beneficiary of his STRS plan;" and (2) "directing STRS to follow the terms of [R.C.] 3307.60(A)(3) and allow [him] to name a new beneficiary for his STRS retirement plan and return the plan to a single lifetime benefit equivalent."

**{¶5}** STRS filed a motion to dismiss for failure to join an indispensable party and failure to state a claim. In the alternative, STRS moved to transfer the case to Franklin County. The trial court rejected STRS' motion to dismiss for failure to join an indispensable party and the motion to transfer venue. However, the trial court granted the motion to dismiss for failure to state a claim because Mr. Daniels failed to demonstrate a legal duty by STRS to change the beneficiary and plan type.

**{¶6}** Mr. Daniels has timely appealed, raising two assignments of error for this Court's review.

II.

## ASSIGNMENT OF ERROR NO. 1

THE COURT OF COMMON PLEAS COMMITTED ERROR WHEN IT RULED THAT MR. DANIELS ALLEGED THAT A LEGAL DUTY WAS CREATED BY THE ORDER OF THE SUMMIT COUNTY COURT OF DOMESTIC RELATIONS ALLOWING THE REMOVAL OF HIS DIVORCED SPOUSE AS SOLE BENEFICIARY OF HIS [STRS] PENSION BENEFIT. MR. DANIELS HAS CONSISTENTLY ALLEGED THAT ANY SUCH DUTY WAS CREATED BY SECTION 3307.60 OF THE REVISED CODE, AND NOT SPECIFICALLY BY THE ORDER OF THE COURT OF DOMESTIC RELATIONS.

{¶7} In his first assignment of error, Mr. Daniels asserts the trial court committed "plain error because it held that the cause of action was based on the Order of the Domestic Relations Court, when the Petition clearly stated that it was based on a statute." Mr. Daniels claims if the trial court's "ruling is allowed to stand[,] it will constitute plain error as it will result in a miscarriage of justice. Its clear capacity would be to bring about an unjust result." This is the totality of Mr. Daniels' plain error argument.

{¶8} Mr. Daniels' brief does not adequately present a claim of plain error. Mr. Daniels makes a conclusory statement that plain error occurred, but does not provide this Court with any reasoning in support of this position. The appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his arguments in support thereof. *See* App.R. 16(A)(7). Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error, even if one exists. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Accordingly, as Mr. Daniels failed to develop his plain error argument, we do not reach the merits and decline to address this argument in his first assignment of error.

{¶9} Under the first assignment of error, Mr. Daniels further argues STRS owed him a duty to change his beneficiary and plan type under R.C. 3307.60(A)(3). Those arguments, however, will be addressed under the second assignment of error.

## ASSIGNMENT OF ERROR NO. 2

THE COURT OF COMMON PLEAS ERRED IN RULING THAT "RELATOR HAS NOT PROVIDED SUFFICIENT FACTS TO SURVIVE A CHALLENGE BASE[D] UPON [CIV.R. 12(B)(6)],["] AND GRANTED THE MOTION TO DISMISS.

{¶10} In his second assignment of error, Mr. Daniels argues the trial court erred in granting STRS' motion to dismiss for failure to state a claim, because it did not accept the factual allegations in his petition as true. This Court disagrees.

{¶11} This Court's standard of review for a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is de novo. *22 Exchange, L.L.C. v. Exchange St. Assocs., L.L.C.*, 9th Dist. Summit No. 27472, 2015-Ohio-1719, ¶ 18. De novo review encompasses an independent examination of the trial court's decision without deference to the underlying decision. *Ohio Receivables, L.L.C. v. Landaw,* 9th Dist. Wayne No. 09CA0053, 2010-Ohio-1804, ¶ 6, quoting *State v. Consilio,* 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶12} A motion to dismiss for failure to state a claim is procedural and tests whether the complaint is sufficient. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548 (1992). In considering a Civ.R. 12(B)(6) motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint and its incorporated attachments. *State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206, 207 (1997); *King v. Semi Valley Sound, L.L.C.*, 9th Dist. Summit No. 25655, 2011-Ohio-3567, ¶ 8; *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569 (1996), fn. 1. Upon review of a motion to dismiss for failure to state a claim, the court "must presume that all factual allegations of the complaint are true and make all

reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). A dismissal for failure to state a claim is warranted when based on the complaint it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. However, "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol,* 60 Ohio St.3d 143, 145 (1991).

{¶13} A mandamus is a writ to enforce performance of a specific act by a public official or agency. R.C. 2731.01. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 9. In order to survive a Civ.R. 12(B)(6) motion to dismiss, a complaint for a writ of mandamus must allege that 1) the relator has a clear legal right to the relief requested, 2) a corresponding legal duty on the part of the public agency to perform an act, and 3) the relator lacks an adequate remedy in the ordinary course of the law. *See State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-Ohio-6410, ¶ 6. However, "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that [the relator] can prove no set of facts entitling him to the requested writ of mandamus[,]" the mandamus action will be dismissed. *State ex rel. Russell* at ¶ 9.

{¶14} STRS moved to dismiss Mr. Daniels' mandamus action because he failed to sufficiently plead the existence of a legal duty under R.C. 3307.60(A)(3). Pertinent to the analysis of the duty issue is R.C. 3307.60(A)(1)-(3) which sets forth the retirement benefit options that a retirant may elect at the time of retirement:

(A) Upon application for retirement as provided in section 3307.58 or 3307.59 of the Revised Code, the retirant may elect a plan of payment under this division or, on and after the date specified in division (B) of this section, a plan of payment under that division. Under this division, the retirant may elect to receive a single lifetime benefit, or may elect to receive the actuarial equivalent of the retirant's benefit in a lesser amount, payable for life, and continuing after death to a beneficiary under one of the following optional plans:

(1) Option 1. The retirant's lesser benefit shall be paid for life to the sole beneficiary named at retirement.

(2) Option 2. Some other portion of the retirant's benefit shall be paid for life to the sole beneficiary named at retirement. The beneficiary's monthly amount shall not exceed the monthly amount payable to the retirant during the retirant's lifetime.

(3) Option 3. The retirant's lesser benefit established as provided under option 1 or option 2 shall be paid for life to the sole beneficiary named at retirement, except that in the event of the death of the sole beneficiary or termination of a marital relationship between the retirant and the sole beneficiary the retirant may elect to return to a single lifetime benefit equivalent as determined by the state teachers retirement board, if, in the case of termination of a marital relationship, the election is made with the written consent of the beneficiary or pursuant to an order of the court with jurisdiction over termination of the marital relationship.

Thus, the retirant first decides whether he wishes to receive a single lifetime benefit or a joint and survivor benefit. R.C. 3307.60(A). If the retirant selects a joint and survivor benefit, then the retirant must decide whether he wants the benefit with reversion rights (option 3) or without reversion rights (options 1 or 2). R.C. 3307.60(A)(1)-(3). All of these decisions are made at the time of applying for retirement. R.C. 3307.60(A).

{¶15} The specific relief requested by Mr. Daniels is a writ ordering STRS to permit him to change his beneficiary and to convert his joint and survivor annuity to a single lifetime benefit equivalent. Mr. Daniels alleged in his complaint that STRS has a clear legal duty to change his beneficiary designation pursuant to R.C. 3307.60(A)(3). In support of the existence of a legal duty on the part of STRS, Mr. Daniels alleged 1) he retired from STRS in 2005, 2) at the time he retired he named his former spouse as his sole beneficiary of his pension plan, 3) he

obtained a divorce and an order granting him the right to change his beneficiary designation, 4) he submitted a request to STRS to change his beneficiary and plan, and 5) STRS denied his request. Additionally, attached to the complaint as exhibit 3 was the denial letter from STRS. The denial letter explained that Mr. Daniels was not eligible to change his beneficiary and plan type because he selected a joint and survivor annuity without a reversion right.

{¶16} Mr. Daniels adamantly argued that his "claim for relief is not based on his original designation." Contrary to Mr. Daniels' position, the inquiry as to whether STRS owes him a duty to change his beneficiary and plan type begins with what statutory option Mr. Daniels selected upon his retirement.

{¶17} R.C. 3307.60(A)(3), option 3, is the only option that contains language that provides a right of reversion for a retirant. Options 1 and 2 under the statute contain no language regarding a reversion right. *See* R.C. 3307.60(A)(1)-(2). The statute requires the retirant to select one of these three options upon applying for retirement benefits. R.C. 3307.60(A). Only those retirants who selected option 3 at the time of retirement can exercise the reversion option upon certain qualifying events. *See* R.C. 3307.60(A)(3). Thus, STRS only has a duty to change the beneficiary and plan type for those retirants who selected option 3 at the time of applying for benefits and subsequently satisfy the qualifying events.

{¶18} Mr. Daniels argues options 1 and 2 are only available at the time of applying for retirement, whereas option 3 is only available to those who are retired and have been receiving benefits. Mr. Daniels' reading of the statute is incorrect. R.C. 3307.60(A) states that options 1 - 3 are available "[u]pon application for retirement." There is no language in R.C. 3307.60(A)(3) supporting Mr. Daniels' interpretation that option 3 can be initialized only by those who have been receiving retirement benefits.

{¶19} Further, Mr. Daniels states that the term retirant "means any former member who is granted age and service retirement" under the statute. Mr. Daniels argues "[o]ption 3 applies only to retirants" or those who "have retired." While Mr. Daniels has correctly stated the statutory definition of retirant under R.C. 3307.50(J), he has misapplied it. R.C. 3307.60(A) uses the term retirant when describing the process to apply for retirement and to select the benefit: "Upon application for retirement * * *, the *retirant* may elect a plan of payment under this division * * *." (Emphasis added.) Further, R.C. 3307.60(A)(1)-(3) uses the term retirant to describe the retirement benefits under options 1, 2, *and* 3. Contrary to Mr. Daniels' position, the term retirant is not used solely in option 3.

{¶20} STRS' duty to Mr. Daniels is dictated by the option he selected at the time of retirement. In this case, Mr. Daniels selected the "Joint and Survivor Annuity 15 year guaranteed one-half to beneficiary *without reversion* option." (Emphasis added.) Because Mr. Daniels' original retirement selection specified it was without reversion, he does not fall under the purview of option 3 and there is no legal duty on the part of STRS to change the beneficiary and plan type.

{¶21} Additionally, Mr. Daniels' reliance on the domestic relations order as an additional authority allowing him to change his beneficiary is misplaced. The domestic relations order granted Mr. Daniels the ability to change his beneficiary "pursuant to STRS plans, rules, and regulations." This domestic relations order would only apply to a retirant who selected option 3, and subsequently terminated the marriage between the retirant and the beneficiary and obtained the necessary order. *See* R.C. 3307.60(A)(3). As discussed above, Mr. Daniels did not select option 3. While he obtained a divorce from the sole beneficiary and a court order

permitting him to change the beneficiary, such order has no authority or application because he did not select option 3 for his retirement benefits.

**{¶22}** After taking the facts of the complaint and the attachments as true and construing them in favor of Mr. Daniels, there are no set of facts which would entitle Mr. Daniels to the requested mandamus relief under R.C. 3307.60(A)(3).

**{¶23}** Lastly, in his appellate brief, Mr. Daniels presented additional arguments in support of STRS owing him a duty based on R.C. 5815.33(B)(1), R.C. 3307.562, and Ohio Adm.Code 3307:2-5-07(A). However, these arguments were not contained in Mr. Daniels' response brief to the motion to dismiss and will not be considered. "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12.

**{¶24}** Mr. Daniels' second assignment of error is overruled.

III.

**{¶25}** Mr. Daniels' second assignment of error is overruled. This Court declines to address Mr. Daniels' first assignment of error. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ISIAH DANIELS, III, pro se, Appellant.

MICHAEL DEWINE, Attorney General, and JOHN J. DANISH and MARY THERESE J. BRIDGE, Assistant Attorneys General, for Appellee.

MELISSA GRAHAM-HURD, Attorney at Law, for Appellee.